577 A.2d 232

**Edwin KELLERMAN**

v.

**FRANKFORD HOSPITAL, et al.**

**Edwin KELLERMAN**

v.

**John B. NEFF, et al.**

**Appeal of Edwin KELLERMAN.**

Commonwealth Court of Pennsylvania.

Argued March 8, 1990.

Decided June 28, 1990.

Edwin Kellerman, pro se.

William Goldstein, Groen, Laveson, Goldberg, Rubenstone & Flager, Bensalem, for appellees.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

Edwin Kellerman appeals an order of the Court of Common Pleas of Philadelphia County which affirmed the taxation of costs by the prothonotary of the court of common pleas against Kellerman in the amount of $1,320.61 for the cost of copying briefs and a supplemental reproduced record.

The genesis of this appeal is in a prior appeal involving Kellerman wherein this Court affirmed the grant of summary judgment by the court of common pleas to Frankford Hospital and other defendants (Appellees) in an action brought by Kellerman after he resigned from the hospital under threat of termination for incidents of unprofessional conduct. Kellerman filed a petition for allowance of appeal to the Supreme Court which that Court denied. On June 28, 1988, Appellees filed a bill of costs with the prothonotary of the court of common pleas seeking recovery for the costs of printing briefs and a supplemental reproduced record. Kellerman filed exceptions to the bill of costs alleging that (1) the lower court had no jurisdiction to consider liability for costs on appeal; (2) Appellees waived their right to costs before the Commonwealth Court; (3) the rates charged for the reproduction of the record were excessive; (4) the taxation of costs was premature because there was no final judgment entered; and (5) the supplemental reproduced record was unnecessary. In an adjudication on the bill of costs, the prothonotary of the court of common pleas determined that the judgment of the Supreme Court was final and that the question of the taxation of costs was properly before him. He determined that the rates charged were not excessive. He further determined that since the appellate court did not tax costs against Kellerman, he had the authority to tax costs pursuant to

Pa.R.A.P. 2741(2) which states in pertinent part: "If an order is affirmed, costs shall be taxed against the appellant unless otherwise ordered." Kellerman was the appellant in the prior underlying substantive action and the order of the trial court was affirmed.

With regard to Kellerman's argument that the supplemental reproduced record was unnecessary, the prothonotary determined that pursuant to Pa.R.A.P. 2155(b),[1] Kellerman should have made application to the appellate court within ten days after the last paperbook was filed challenging the necessity of the material in the reproduced record. Since Kellerman failed to do so, he waived the issue. The prothonotary dismissed the exceptions and taxed costs against Kellerman in the amount of $1,320.61.

Upon appeal to the common pleas court, Kellerman argued that (1) the common pleas court lacked authority or jurisdiction to tax costs which were not awarded by the appellate court; (2) he timely challenged the imposition of costs pursuant to Pa.R.A.P. 2155(b); (3) it was the sole responsibility of the appellate court, and not the prothonotary of the common pleas court to impose costs; (4) he was charged for unnecessary copies of the brief and reproduced record; and (5) the rates charged were higher than those generally charged in the Commonwealth. The trial court affirmed the prothonotary's determination and held that in appeals from common pleas courts, the appropriate procedure for obtaining costs for appellate paperbooks is to file a bill of costs with the prothonotary pursuant to Pa.R.A.P. 2771,[2] and that under Pa.R.A.P. 2741(2) costs on appeal shall be taxed against the appellant unless otherwise ordered. Since the Commonwealth Court did not order other-

---

1. Pa.R.A.P. 2155(b) provides:

   **(b) Allocation by Court.** The cost of reproducing the record shall be taxed as costs in the case pursuant to Chapter 27 (fees and costs in appellate courts and on appeal), but if either party shall cause material to be included in the reproduced record unnecessarily, the appellate court may on application filed within ten days after the last paperbook is filed, in its order disposing of the appeal impose the cost of reproducing such parts on the designating party.

2. Pa.R.A.P. 2771 provides in pertinent part:

wise, the prothonotary of the common pleas court had jurisdiction to tax costs. The trial court also held that although Kellerman filed a timely petition for relief under Pa.R.A.P. 2155(b) with the Commonwealth Court, this Court did not enter an order imposing costs, and thus, according to 2741(2), costs were properly taxed against Kellerman on the Commonwealth Court's affirmance. The trial court also held that all of the copies made were necessary and that the rates were not excessive. It thus dismissed Kellerman's application to vacate the prothonotary's taxation of costs.

Kellerman now essentially argues on appeal before us what he unsuccessfully argued below. First, Kellerman alleges that the prothonotary of the lower court lacked authority to award costs against him. He argues that Chapter 27 of the Rules of Appellate Procedure govern the procedure in the appellate courts and do not govern appeals from trial courts. We disagree. Rule 2771 clearly applies to costs incurred upon appeal from a court of common pleas. Furthermore,

> In appeals from courts of common pleas, the appropriate procedure for securing an award of costs for appellate paperbooks, appellate filing fee, and costs associated with the appeal incurred in the trial court and collectible pursuant to Pa.R.A.P. 2771 is to file a bill of costs, with the prothonotary of the trial court from which the appeal originated. Where the appeal originates from an administrative agency, or where an action arises in the appellate court's original jurisdiction, the appropriate procedure is to file a bill of costs with the prothonotary of the appellate court.

2 Darlington, McKeon, Schuckers and Brown, Pennsylvania Appellate Practice § 2741.1, commentary to Rule 2741 at 60–61 (1986).

Kellerman appealed from an order of the common pleas court. After Kellerman lost on appeal, the Appellees filed a

> Costs incurred in the preparation and transmission of the record ... if necessary to a determination of the appeal ... shall be taxed in the lower court as costs of the appeal in favor of the party entitled to costs under this chapter.

bill of costs with the prothonotary of the common pleas court and the prothonotary of that court correctly awarded costs against Kellerman under Pa.R.A.P. 2741(2).

■ Kellerman next argues that the award of costs was made contrary to law. Kellerman misapprehends the Rules of Appellate Procedure when he suggests that Pa.R.A.P. 2571(a)(3) [3] and Pa.R.A.P. 2761 [4] require the appellate court to make a determination as to costs. Those rules apply where the appellate court remands the record and simply do not apply here.

■ Kellerman finally argues that the rates charged for reproduction of the briefs and reproduced record were excessive and unnecessary. As finder of fact, the lower court has ruled upon the factual issues of necessity and excessiveness and we will not disturb the court's order.

We therefore affirm.

3. Pa.R.A.P. 2571(a)(3) provides:

**CONTENT OF REMANDED RECORD**

(a) **General Rule.** The record, as remanded to the lower court or other tribunal, shall consist of the record as certified to the appellate court and, unless the appellate court shall otherwise order, a certified copy of:

. . . .

(3) Any direction as to costs or damages entered in the appellate court pursuant to Chapter 27 (fees and costs in appellate courts and on appeal).

4. Pa.R.A.P. 2761 provides:

**INSERTION OF COSTS IN REMANDED RECORD AND TAXATION OF COSTS**

Where specific costs are awarded in an appellate court under Rule 2155 (allocation of costs of reproduced record) or Rule 2744 (damages for delay) or otherwise, the prothonotary of the appellate court shall prepare and certify an itemized statement of any such costs taxed in the appellate court for inclusion in the remanded record. If the record has been remanded before final determination of such costs, the statement, or any amendment thereof, may be added to the remanded record at any time upon request to the prothonotary of the appellate court. Unless otherwise ordered, all other costs on appeal, including any costs awarded by the appellate court under Rule 2155 or Rule 2744 in terms of a fraction or percentage of any amount which has not yet been taxed of record, shall be taxed in the lower court.

598

■■■■■■■■■■■

## ORDER

NOW, June 28, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed and Appellant is required to pay the costs as taxed in the amount of $1,320.61.

CRUMLISH, Jr., Former President Judge, did not participate in the decision in this case.