647 A.2d 692

## PENNSYLVANIA INSTITUTIONAL HEALTH SERVICES, INC., Appellant,

v.

## COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS.

Commonwealth Court of Pennsylvania.

Argued May 13, 1994.

Decided Aug. 31, 1994.

Joshua D. Lock, for appellant.

William T. Fairall, Jr., for appellee.

Before COLINS, SMITH and PELLEGRINI, JJ.

SMITH, Judge.

Pennsylvania Institutional Health Services, Inc. (PIHS) appeals from the December 3, 1993 order of the Board of Claims (Board) refusing to enter default judgment against the Department of Corrections (Department). The issue raised in this interlocutory appeal is whether PIHS waived its right to entry of default judgment by filing an answer to the Department's new matter and counterclaim to PIHS' claim when PIHS had been compelled by the Board to file the pleading. For the reasons stated below, the Board's order is reversed and this case is remanded to the Board.

In response to the Department's denial of contractual liability regarding institutional health services provided by PIHS to inmate populations of five state correctional facilities, PIHS on July 6, 1993 filed with the Board a nineteen-count claim against the Department. The claim was served on the Department on July 14, 1993. By August 30, 1993, the Department had not responded to the claim; on September 1, 1993, PIHS served upon the Department a notice of praecipe for

entry of default judgment pursuant to Pa.R.C.P. No. 237.1. The following day, counsel for the Department contacted PIHS' counsel, who agreed to a three-week extension of time in which to file the Department's response. In accordance with Rule 237.1, counsel for PIHS memorialized the agreement for an extension of time in a letter stating that the Department's answer would be filed and served on or before September 23, 1993.

On September 24, 1993, not having received the Department's answer, PIHS filed a praecipe for entry of default judgment. Later that same day, the Department filed its answer, new matter and counterclaim.[1] By letter dated September 29, 1993, Fred C. Pace, Chief Administrative Judge for the Board, directed PIHS to file a response to the Department's new matter and counterclaim, and on October 14, 1993, directed the Department to file a response to PIHS' praecipe for entry of default judgment. On October 18, 1993, the Department filed its response to PIHS' praecipe as well as an alternative pleading in the nature of a petition to open judgment, and on October 29, 1993, PIHS filed its response to the Department's new matter and counterclaim.

On November 3, 1993, the Board issued an order denying PIHS' request for default judgment on the basis that PIHS' response to the Department's new matter and counterclaim "rendered moot" PIHS' motion for default judgment. On November 8, 1993, PIHS filed a motion seeking to strike the Board's order, seeking reconsideration, or certification for interlocutory review. The Board entered its opinion and order, which is the subject of this appeal, reiterating that PIHS' request for entry of default judgment was moot because of its acquiescence in a Board directive to file an answer to the Department's new matter and counterclaim. The Board also certified the matter for interlocutory appeal. On January 3, 1994, PIHS filed a petition for permission to appeal

---

1. In its brief to this Court, the Department sets forth several reasons why its response was untimely. However, such statements are not of record, are not germane to the question presented herein, and would more appropriately be considered in evaluating a petition to open judgment in the event default judgment was entered.

to this Court, which this Court granted on February 17, 1994 but limited the issue on appeal to whether PIHS waived its right to entry of a default judgment by filing an answer to the Department's new matter and counterclaim when PIHS has been directed by the Board to file the pleading.

In addressing the issue raised on appeal, this Court must first respond to the Department's assertion that Board proceedings are not governed by the Pennsylvania Rules of Civil Procedure. Quite to the contrary, Section 2(a) of the Act of April 28, 1978, P.L. 202, *as amended,* 72 P.S. § 4651–8, provides the following:

> All hearings before the board or hearing panel shall be public. *All matters before the board or hearing panel shall be governed by all of the rules of Pennsylvania Civil Procedure not inconsistent with this act.* After consideration of the pleadings filed with it and the testimony given at the hearing before it, the board or hearing panel, shall either dismiss the claim of the claimant or make an award in favor of the claimant of such sum as it shall determine the claimant is legally and rightfully entitled to receive, which decision shall be made by the board within a reasonable time from the date of the hearing. If the hearing is before a panel, such panel shall make its recommendation or recommendations to the board within thirty (30) days after the hearing, and the board shall enter its said action in a book to be kept by it for that purpose. It shall file a written opinion, setting forth the reasons for its action. The board in dismissing any claim or in making any award shall dispose of all costs of the proceedings by providing for the payment thereof by the Commonwealth or by the claimant, or by providing that such costs shall be shared by the said parties in such proportions as the board in its discretion shall direct. [Emphasis added.]

It is clear from the amended language of 72 P.S. § 4651–8 that the Board must follow the Rules of Civil Procedure, not only with respect to hearings before the Board, but also in all

matters before the Board, including the filing of pleadings and the rules attendant thereto.[2]

Turning to the issue of whether PIHS waived its right to the entry of a default judgment, courts have long held that a waiver may be implied from any voluntary action of a plaintiff looking to put a case at issue: however, no waiver can be implied if a plaintiff's action was compulsory. *Federal Sales Co. of Philadelphia v. Farrell,* 264 Pa. 149, 107 A. 668 (1919); *see also Downes v. Hodin,* 377 Pa. 208, 104 A.2d 495 (1954); *Ridley Park Borough v. American Surety Co. of New York,* 317 Pa. 263, 177 A. 9 (1935). In *Hess v. Merion Title & Trust Co. of Ardmore,* 317 Pa. 501, 177 A. 53 (1935), the Supreme Court held that the plaintiff's filing of a reply to the defendant's new matter prior to filing a motion for judgment on the pleadings was not a waiver of the plaintiff's right to request such judgment in view of a statute requiring the filing of a reply to new matter under penalty of being deemed to have admitted the averments in the new matter.[3]

██ The September 29, 1993 letter from the chief administrative judge of the Board specifically directed PIHS to file a

**2.** This determination stands in contrast to this Court's holding in *UEC, Inc. v. Board of Arbitration of Claims,* 12 Pa.Commonwealth Ct. 54, 314 A.2d 521 (1974). In that case, a claimant filed a complaint against the Department of Public Welfare. When no responsive pleading was received from DPW within thirty days, the claimant praeciped for entry of default judgment, the Board refused, and claimant filed an action in mandamus. This Court reviewed the former version of 72 P.S. § 4651–8, which stated that "[a]ll hearings before the board shall be public and shall be governed by all of the rules of Pennsylvania Civil Procedure," and concluded that because this section required only that the Rules of Civil Procedure apply to *hearings,* and contained no requirement that the pleadings shall conform to the Rules, the Board was without authority to enter a default judgment. The amendments to Section 4651–8, set forth above, clearly demonstrate the legislative intent that all matters before the Board shall conform to the Rules of Civil Procedure, and the holding in *UEC, Inc.* is therefore of no effect in the matter sub judice.

**3.** Both PIHS and the Department rely upon *Reichert v. TRW, Inc., Cutting Tools Div.,* 531 Pa. 193, 611 A.2d 1191 (1992). The question presented in that case was whether the filing of an amended complaint invalidates the original complaint for purposes of taking a default judgment. As this issue has no bearing on the issues being considered sub judice, *Reichert* is wholly inapposite.

response to Department's new matter and counterclaim within thirty days. By responding to such direction, PIHS' answer did not represent a voluntary act toward putting the case at issue. Indeed, had PIHS not complied with the Board's directive, it could have been open to entry of a default judgment upon the Department's new matter and counterclaim. The Department asserts, however, that PIHS' actions were entirely voluntary because the September 29, 1993 directive from the Board neither contained the label "Order of Court" nor referenced a particular statute or the Rules of Civil Procedure. Given the broad scope of authority granted the Board in 72 P.S. § 4651-8, the Board's letter, while not specifically labeled as an order, was sufficiently mandatory such that a litigant would reasonably believe that it was compelled to comply or suffer consequences. Therefore, the Board erred in denying PIHS' request for default judgment on the stated basis that its answer to the Department's new matter and counterclaim rendered moot the motion for default judgment.

■ Nonetheless, the circumstances presented herein do not automatically compel entry of a default judgment by the Board, as PIHS argues the Board must do. Although pursuant to Pa.R.C.P. No. 1037(b) the prothonotary, in entering a default judgment, acts in a ministerial and not a judicial capacity, a default judgment is a nullity unless it is clearly authorized by the Rules of Civil Procedure. *Maiorana v. Farmers & Merchants Bank*, 319 Pa.Superior Ct. 338, 466 A.2d 188 (1983). *See also Johnson v. Southeastern Pennsylvania Transp. Auth.*, 524 Pa. 209, 570 A.2d 71 (1990). These considerations however are best left initially to the Board especially considering the scant nature of the record on this issue; therefore, this Court will not instruct the Board to enter default judgment in favor of PIHS as it requests but shall reverse the Board's order and remand this case to the Board to consider the merits of PIHS' request for default judgment.

232

## ORDER

AND NOW, this 31st day of August, 1994, the order of the Board of Claims is reversed and the case is remanded to the Board for proceedings not inconsistent with this opinion.

Jurisdiction relinquished.