**Daniel H. WERNER, Jr., Petitioner,**

v.

**OFFICE OF ADMINISTRATION and Office of Inspector General, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1997

Decided Oct. 22, 1997.

Elliot A. Strokoff, Harrisburg, for petitioner.

Anthony S. Potter, Harrisburg, for respondents.

Before FLAHERTY and LEADBETTER, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Daniel H. Werner, Jr. (Werner) petitions for review of an order of the Board of Claims (Board) that granted the Office of Administration and the Office of Inspector General's (OIG) motion for summary judgement and dismissed his case with prejudice.

On September 14, 1987, Werner was hired through the Office of Administration as a Special Investigator II in the OIG; Werner was subsequently promoted to the position of

Special Investigator III. Both of these positions were non-union and not protected by the provisions of the Civil Service Act.[1] On August 9, 1993, while on a disability leave, Werner was arrested following a domestic dispute with his wife. By letter dated August 12, 1993, the Inspector General notified Werner that he was suspended without pay while the OIG conducted an independent investigation of the circumstances surrounding his arrest. On December 13, 1995, the criminal charges against Werner were dismissed; however, he remained on suspension pending the completion of the OIG investigation. By letter dated March 2, 1994, the Office of Administration informed Werner that he was being discharged, effective March 4, 1994, because the OIG had found that his actions discredited and embarrassed the OIG thereby causing it to lose the necessary trust and confidence in him that was required for his position.

Following his dismissal, Werner requested but was denied an administrative hearing. Werner filed a petition for review with this Court, at docket number 156 Md. 1994, 539 Pa. 661, 651 A.2d 546, by which he sought a writ of mandamus to compel either his reinstatement by the Inspector General or a post-discharge hearing by the Secretary of the Office of Administration (Secretary).[2] In response thereto, the Secretary and the Inspector General jointly filed preliminary objections and a motion to quash. In a memorandum opinion and order, this Court sustained the preliminary objections and dismissed Werner's petition for review, in part, because Werner, as an at-will employee, had no right to an administrative hearing under Section 504 of the Administrative Agency Code. *See Werner v. Zazyczny* (No. 156 Md. 1994, filed July 22, 1994). On August 22, 1994, Werner filed a notice of appeal to the Supreme Court.[3]

While his appeal was pending before the Supreme Court, Werner filed a complaint with the Board on August 31, 1994. The complaint named the Office of Administration and the OIG as defendants. Werner alleged therein that he had a contract of employment and that his termination was in bad faith and not in fair dealing.[4] On September 30, 1994, the Office of Administration and the OIG jointly filed preliminary objections to Werner's complaint.[5] On December 30, 1994, the Board dismissed Werner's complaint but provided leave for him to amend within thirty days. On January 26, 1995, Werner filed with the Board an amended complaint.[6] On

1. Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§ 741.1–741.1005.

2. The complaint named the Secretary, Joseph L. Zazyczny, and the Inspector General, William G. Chadwick, as defendants. The portion of Werner's action which sought to force the Secretary to conduct a post-discharge hearing falls under this Court's original jurisdiction pursuant to 42 Pa.C.S. § 761. By attempting to compel his reinstatement, Werner sought review of the administrative agency determination terminating his employment; such an action falls under this Court's appellate jurisdiction.

3. Werner's appeal only concerned this Court's dismissal of the portion of his petition for review by which he had sought a writ of mandamus to compel an administrative hearing on his discharge. Werner filed a separate appeal from this Court's dismissal of the portion of his petition for review by which he had sought reinstatement by the Inspector General; said appeal was denied by the Supreme Court on November 11, 1994. *Werner v. Zazyczny*, 539 Pa. 661, 651 A.2d 546 (1994).

4. Werner also alleged that the procedure by which he was terminated was contrary to the established regulations and policies governing his employment and the Governor's Code of Conduct. *See* 4 Pa.Code §§ 7.171–7.179. Werner also alleged that the reasons given for his termination bore no relation to his ability to perform his job duties and are contrary to public policy. (R.R. 9a).

5. The preliminary objections were in the nature of a demurrer which averred that the complaint failed to establish the existence of an employment contract or the subsequent breach thereof. The preliminary objections also raised the following: 1) that Werner's appeal was still pending before the Supreme Court, 2) that Werner failed to follow the rules and regulations of the Board, and 3) that Werner failed to plead with sufficient specificity.

6. Werner renewed the same allegations contained in his original complaint. Werner also alleged the existence of an oral contract between himself and the Inspector General to the effect that Werner would remain employed as long as he performed his duties in a satisfactory manner and that he would be promoted in accordance with Commonwealth statutes, regulations and policies, "fairly applied in good faith." (R.R.

February 27, 1995, the Office of Administration and the OIG jointly filed preliminary objections to the amended complaint.[7]

By opinion and order dated August 21, 1996, the Supreme Court affirmed the order of this Court at docket number 156 Md. 1994. *See Werner v. Zazyczny,* 545 Pa. 570, 681 A.2d 1331 (1996). The Supreme Court found that Werner was an at-will employee and then noted at-will employees have no cause of action against their employers for termination of the at-will relationship except where the termination threatens clear mandates of public policy, *citing Paul v. Lankenau Hospital,* 524 Pa. 90, 569 A.2d 346 (1990). *Id.* at 579, 681 A.2d at 1335. The Supreme Court concluded that this Court properly sustained the preliminary objections because Werner failed to plead facts sufficient to establish a property right or a privilege in his continued employment. *Id.* at 583, 681 A.2d at 1337–1338.

On August 30, 1995, the Board dismissed the preliminary objections to Werner's amended complaint.[8] The Office of Administration and the OIG jointly filed an answer with new matter and discovery ensued. On November 25, 1996, the Office of Administration and the OIG jointly filed a motion for summary judgment which alleged that, in the light of the Supreme Court's decision in *Wer-*

*ner v. Zazyczny,* 545 Pa. 570, 681 A.2d 1331 (1996), the doctrines of res judicata and collateral estoppel prevented Werner from pursuing his claim based upon an employment contract. At that same time, the Office of Administration and the OIG also jointly filed a motion for protective order which sought to postpone or cancel all scheduled depositions until the Board had an opportunity to review the motion for summary judgment and the aforesaid decision of the Supreme Court. On November 26, 1996, Werner responded to the motion for protective order[9]; Werner, however, did not respond to the motion for summary judgement.

By order dated December 26, 1996, the Board granted the motion for summary judgment and dismissed Werner's case with prejudice. In its opinion filed in support thereof, the Board concluded that all the issues raised by Werner in his amended complaint had already been addressed by the Supreme Court.[10] The Board, therefore, held that it lacked jurisdiction because Werner was an at-will employee without the benefit of an employment contract. On January 24, 1997, Werner filed this petition for review.[11]

◼ It is well established that the Board is required to follow the Pennsylvania Rules of Civil Procedure (Rules). *See* Act of May

25a). Werner further alleged that he was not terminated by his appointing authority and that he was terminated because of the Inspector General's belief that he had engaged in workers' compensation fraud. (R.R. 26a).

**7.** The preliminary objections were in the nature of a demurrer and alleged, among other things, that the Board lacked jurisdiction because there was no employment contract. (R.R. 31a).

**8.** The Board noted that Werner alleged in his amended complaint the existence of an oral contract for continued employment. The Board then concluded that, even if the alleged relationship is not determined to be contractual, the Board may maintain jurisdiction by virtue of the power bestowed upon the Board to adjust and settle certain other claims against the Commonwealth formerly handled by the Auditor General and the State Treasurer. (R.R. 34a).

**9.** Werner noted therein that the deposition of the Deputy Inspector General, Dwight McKee (McKee), which was scheduled for November 27, 1996, would be affected by the Board's disposi-

tion of the motion for protective order. Although the Board had not yet ruled on the motion for protective order, McKee did not appear for his scheduled deposition.

**10.** We note that throughout its opinion, the Board incorrectly references the Superior Court instead of the Supreme Court. We also note that the Board erroneously referred to Werner's response to the motion for protective order as his response to the motion for summary judgment. In both instances, the Board committed harmless error.

**11.** On an appeal of a grant of summary judgment, the reviewing court must examine the record in the light most favorable to the nonmoving party, accepting as true all well-pleaded facts and giving that party the benefit of all reasonable inferences drawn from those facts. *Hoffman v. Brandywine Hospital,* 443 Pa. Superior Ct. 245, 661 A.2d 397 (1995). Our standard of review is limited to determining whether the Board committed an error of law or abused its discretion. *City of York v. Schaefer Temporary Services, Inc.,* 667 A.2d 495 (Pa.Cmwlth.1995).

20, 1937, P.L. 728, *as amended,* 72 P.S. § 4651–8; *Pennsylvania Institutional Health Services, Inc. v. Department of Corrections,* 167 Pa.Cmwlth. 226, 647 A.2d 692 (1994). Rule 1035.3(a) requires that the party opposing a motion for summary judgment to file a response within thirty (30) days of the service of the motion. Pa. R.C.P. No. 1035.3(a). The motion for summary judgment herein was filed on November 25, 1996; thus, Werner had until December 26, 1996, the day the Board issued its order granting summary judgment, to file a timely response thereto. While Werner concedes that he failed to oppose the motion for summary judgment, he asserts two reasons for why he did not file a response in a timely fashion as required by Rule 1035.3(a). Werner first argues that his actions should be excused because the Board did not issue a briefing schedule as was its previous practice. There is no requirement that the Board issue a briefing schedule and Werner even concedes that the Board has no rules of procedure which set forth what the briefing schedule should be. Any inaction by the Board in this regard cannot serve as a basis for excusing Werner's failure to respond to the motion for summary judgment.

Werner's second argument is that he was unable to respond to the motion for summary judgment because the motion for a protective order was still pending. Werner asserts that the disposition of the motion for a protective order would have determined what evidence was available to fashion a response to the motion for summary judgment. In essence, Werner asserts that it was inappropriate for the Board to rule on the motion for summary judgment before the completion of discovery.

Rule 1035.2 governs motions for summary judgment and provides, in pertinent part, as follows:

> After the relevant pleadings are closed, but within such time as not to unreasonable delay trial, any party may move for summary judgement in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report,....

Pa. R.C.P. No. 1035.2(1). This Court has held that Rule 1035.2 permits a tribunal to dispose of motions for summary judgment prior to the close of discovery where the information sought by the nonmoving party would not have produced facts germane to the issues raised by the motion. *Hospital Association of Pennsylvania, Inc. v. Foster,* 157 Pa.Cmwlth. 363, 629 A.2d 1055 (1993).

Werner asserts that the Board erred by ruling on the motion for summary judgement because he had not been provided the opportunity to depose McKee, the individual who conducted the investigation into the allegations which served as the proffered basis for his termination. Werner asserts that McKee's deposition would have produced facts germane to the issues raised by the motion, i.e. whether he had a contractual right to employment based upon alleged oral representations made by the Inspector General. The Board concluded that even if he had been permitted to conduct the deposition of McKee, Werner could not have established the existence of an employment contract because the Supreme Court had already conclusively concluded that he was an at-will employee.

Werner argues that the Board erred in concluding that his claim was barred by res judicata or collateral estoppel. Werner asserts that all of the issues which he currently raises were not decided by the Supreme Court in *Werner v. Zazyczny,* 545 Pa. 570, 681 A.2d 1331 (1996). In support thereof, Werner directs attention to footnote No. 1 of the Supreme Court's opinion wherein it noted that this Court did not address the following issues in dismissing Werner's petition for review: 1) whether Werner's dismissal without being afforded an opportunity for an administrative hearing violated his federal and state constitutional rights, and 2) whether the Secretary of the Office of Administration and the Inspector General breached their contractual duty of good faith and fair dealing by dismissing him from his position. *Werner,* 545 Pa. at 578, 681 A.2d at 1333. The Supreme Court, however, concluded that these issues were deemed waived because

Werner had not properly preserved the same when addressing the preliminary objections. *Id.* The Supreme Court further concluded that Werner's promissory and equitable estoppel claims were neither raised nor could they be fairly comprised from the objections raised. *Id.* Thus, despite Werner's assertion to the contrary, the Board did not err in concluding that all the issues with which it was currently presented were previously addressed by the Supreme Court. Since the information sought by Werner would not have produced facts germane to the issues raised by the motion, the Board did not err by granting the motion for summary judgment before the close of discovery.

Accordingly, the order of the Board granting the motion for summary judgment and dismissing Werner's claim with prejudice will be affirmed.

### ORDER

AND NOW, this 22nd day of October, 1997, the order of the Board of Claims, dated December 26, 1996, is affirmed.