**JETSON DIRECT MAIL SERVICES, INC., Petitioner,**

v.

**DEPARTMENT OF LABOR AND INDUSTRY, STATE WORKMEN'S INSURANCE FUND, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 30, 2001.

Decided Aug. 20, 2001.

Reargument Denied Oct. 25, 2001.

---

Mark Semanchik, Pottsville, for petitioner.

Todd P. Prugar, Harrisburg, for respondent.

Before DOYLE, President Judge, SMITH, J., and FLAHERTY, Senior Judge.

DOYLE, President Judge.

Jetson Direct Mail Services, Inc. (Jetson) appeals from an order of the Board of Claims (Board), which granted the motion of the State Workmen's Insurance Fund (SWIF) to dismiss Jetson's complaint for discovery violations in accordance with Pa. R.C.P. No. 4019.

Jetson, as an employer, had been insured by SWIF for workers' compensation liability coverage. On September 5, 1995, Jetson filed a complaint against SWIF, alleging that SWIF breached its insurance contract by mishandling workers' compensation claims made against Jetson. Jetson contended that SWIF's actions caused its insurance premium to skyrocket and harmed its ability to stay in business. Jetson asked for an award of damages of $2,000,000, plus costs, interest, punitive damages, and attorney's fees.

On March 23, 1998, the Board directed the parties to proceed to discovery. Approximately one year later, on March 18, 1999, SWIF served discovery requests on Jetson in the form of a request for the production of documents and interrogatories; Jetson's responses were due on April 17, 1999. Jetson, however, did not respond and SWIF filed a motion to compel Jetson to comply with the discovery requests. Jetson did provide discovery responses on July 19, 1999; however, Jetson's answers to the interrogatories were inadequate, as the answers failed to provide the requested facts or identify documents that supported the allegations in Jetson's complaint, and failed to identify potential witnesses.[1]

On August 10, 1999, SWIF filed a motion to compel Jetson to provide more specific answers to the interrogatories. The Board granted the motion on November 12, 1999, and Jetson was given 20 days to supply more specific answers, and the Board warned Jetson that failure to comply with the order would result in the imposition of sanctions.

On December 6, 1999, Jetson submitted supplemental responses to the interrogatories. SWIF, however, concluded that the supplemental responses were again inadequate, stating that the answers provided were simply rewordings of the answers Jetson supplied on July 19, 1999. On January 27, 2000, SWIF filed a motion for sanctions and to compel the answers to the interrogatories.

By an opinion and order dated May 18, 2000, the Board granted SWIF's motion for sanctions and gave Jetson 90 days to respond to certain of SWIF's Interrogatories. The order additionally imposed a

---

. 1. Jetson served a discovery request on SWIF at the same time it delivered its answers on July 1999. SWIF, due to the large number of documents requested by Jetson and in an effort to limit copying costs, offered in a letter dated August 19, 1999 to allow Jetson to review the documents for specific items prior to their being copied. Jetson failed twice to respond to this offer. On January 26, 2000, SWIF unilaterally selected a copy center at which to deposit the requested documents. SWIF informed Jetson of the name, address and telephone number of the copy center by letter dated January 26, 2000.

$250 fine, payment of which would be suspended if Jetson complied with the order within the designated time limit. Jetson, however, did not take advantage of the 90-day extension, failing to provide any supplemental discovery during that period.

On August 21, 2000, SWIF filed a motion to dismiss Jetson's complaint as a sanction for its discovery violations. Jetson did not respond to the motion to dismiss. Jetson, however, did send a letter to SWIF, via fax, dated October 13, 2000, in which Jetson claimed to be sending, by overnight mail, supplemental responses to interrogatories, supporting documentation and a response to the motion for sanctions. Jetson's fax also included a photocopy of a check for $250 purported to be payment of the fine imposed by the Board on May 18, 2000, and claimed that the original would be part of the overnight package. The promised package never arrived at SWIF. On October 18, 2000, after five days had passed and the letter and documents had not been received, SWIF sent Jetson a letter informing Jetson that the documents had not been received. Jetson never responded to SWIF's letter.

By December 6, 2000, Jetson had not served the supplemental responses, had not provided the check for $250; nor had it filed a response to SWIF's August 21, 2000 motion to dismiss. At that time the Board issued an order and opinion granting the motion to dismiss and dismissing Jetson's complaint with prejudice. This appeal followed.

■ In its appeal,[2] Jetson argues that the Board abused its discretion by granting SWIF's motion to dismiss its claim as a sanction for discovery violations. It claims that there were sanctions available to the Board less drastic and would be a more appropriate remedy for Jetson's discovery violations. Jetson claims that the Board failed to properly strike a balance between the discovery violations and the imposed sanction. We disagree, and find that the sanction imposed was indeed appropriate.

Proceedings before the Board are governed by the Pennsylvania Rules of Civil Procedure. 72 P.S. 4651–8 [3]; *Pennsylvania Institutional Health Services, Inc. v. Department of Corrections*, 167 Pa. Cmwlth. 226, 647 A.2d 692 (1994). The Rule of Civil Procedure pertaining to the

2. While Jetson raises seven issues in the Statement of Questions Involved portion of its brief, the argument section of the brief is only one and one-half single-spaced typewritten pages in length. Jetson's argument is totally inadequate to develop the seven points raised in the Statement of Questions Involved. Most of the issues raised are disposed of in the argument section of the brief by using bald statements no longer than a single sentence. As a consequence, this Court was deprived of the ability to conduct a meaningful appellate review of the majority of the issues raised by Jetson. The only issue that is developed at all, and its development is minimal, is as follows: *"Did the Board abuse its discretion and impose an excessive sanction when less drastic sanctions were available?"* (Jetson's brief at 3.) All other issues are deemed waived.

Jetson's brief also has another serious procedural defect. Jetson combined the Statement of the Case and the Summary of the Argument into a single paragraph that does summarize its argument, but does not recite the material facts of the case. This error, while it makes the work of this Court unnecessarily difficult, does not preclude meaningful appellate review.

3. Act of May 20, 1937, P.L. 728, *as reenacted and amended.*

§ 4651–8. Hearings; opinions; awards; costs

All hearings before the board or hearing panel shall be public. All matters before the board or hearing panel shall be governed by all of the rules of Pennsylvania Civil procedure not inconsistent with this act. . . .

imposition of sanctions, Pa. R.C.P No. 4019, provides in relevant part that: a court "may, on motion, make an appropriate order if .... a party or person otherwise fails to make discovery or to obey an order of court respecting discovery," Pa. R.C.P. No. 4019(a)(1)(viii). Further, Pa. R.C.P. No. 4019(c)(3), allows for dismissal of a case as a sanction for discovery violations:

(c) The court, when acting under subdivision (a) of this rule, may make

. . . .

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *entering a judgment* of non pros or *by default against the disobedient party* or party advising the disobedience.

(Emphasis added.)

■ The decision to sanction a party for violating a discovery order and the severity of the sanction are both vested in the sound discretion of the trial court. *Croydon Plastics Co., Inc. v. Lower Bucks Cooling & Heating,* 698 A.2d 625, 629 (Pa.Super.1997), *petition for allowance of appeal denied,* 553 Pa. 689, 717 A.2d 1028 (1998). Due to the harshness of dismissal as a sanction, it is paramount that the court in those instances carefully balance the factors in the case to insure a just result. *Id.* Our Supreme Court has held that an abuse of discretion is found in instances where there is

not merely an error of judgment, but [where] if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Paden v. Baker Concrete Construction, Inc.,* 540 Pa. 409, 412, 658 A.2d 341, 343 (1995)(quoting *Mielcuszny v. Rosol,* 317 Pa. 91, 93–94, 176 A. 236, 237 (1934)).

An examination of the record reveals no abuse of discretion on the part of the Board. In its opinion, the Board described Jetson's behavior during the course of the suit and then restated its reasons for dismissing the complaint:

It has been seven (7) months since the Board entered an Opinion and Order, in May of 2000, requiring the Plaintiff to provide full and complete answers to specific interrogatories. The Plaintiff has failed to do so. The Plaintiff has also failed to provide any response to Defendant's August 21, 2000 Motion to Dismiss as Sanction for Discovery Violation. It is clear that the Plaintiff does not intend to comply with the Board's discovery Order. Therefore, dismissal of Plaintiff's case is an appropriate sanction.

. . . .

Based upon the fact that the Complaint was initially filed in 1995, no effort was made by the Plaintiff to move forward, the fact that Defendant had to file Motions to Compel four times, the Plaintiff's failure to comply with previous Board Orders and, what appears to be an intentional misrepresentation to Defendant's counsel of forwarding of the required discovery and check, Defendant's Motion to Dismiss as Sanction for Discovery Violations shall be granted and Plaintiff's Amended Complaint shall be dismissed with prejudice.

(Board of Claims Opinion at 5–6.)

It is apparent that both the Board and SWIF were extremely patient in regard to Jetson's behavior and it is likewise evident that Jetson's repeated failures to comply with discovery deadlines and the orders of the Board, as well as its misrepresentation to SWIF concerning discovery responses and the $250 check, warranted the severe

sanction imposed against Jetson. Considering that Jetson failed to pay the Board's $250 fine, it is clear that additional monetary sanctions would have had no effect on Jetson's behavior, and we believe that the Board had no practical alternative other than to grant dismissal.

█ Accordingly, the Board's order dismissing Jetson's complaint is affirmed.[4]

### ORDER

NOW, August 20, 2001, the order of the Board of Claims in the above-captioned matter is hereby affirmed.

---

**4.** In footnote 2 of SWIF's brief, SWIF asks this Court for an award of costs, focusing on the costs incurred in its production of the supplemental reproduced record. In an appeal from an administrative agency, the appropriate method to recover such costs is to file a bill of costs with the prothonotary of the appellate court within 14 days of the entry of a final order. *Kellerman v. Frankford Hospital*, 133 Pa.Cmwlth. 592, 577 A.2d 232 (1990); Pa. R.A.P. 2762(b), 3751. Hence, SWIF's request is premature.