J-A02026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON CORPORATION, AS TRUSTEE OF CHL MORTGAGE PASS-THROUGH TRUST 2002-36 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2002-36 C/O NATIONSTAR MORTGAGE LLC | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | No. 3804 EDA 2015 |
| v. | : : : : : | |
| JOHN G. DIMOU AND ANNA DIMOU | : | |

Appeal from the Order Entered November 19, 2015
In the Court of Common Pleas of Lehigh County
Civil Division at No(s):  No. 2014-C-2609

BEFORE:   OTT, J., RANSOM, J., and FITZGERALD, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY OTT, J.:**FILED MAY 04, 2017**

While I agree with the Majority's decision to affirm the trial court's grant of summary judgment in favor of Appellees, I disagree with the Majority's decision to the extent it upholds the portion of the trial court's order that dismisses the complaint **with prejudice**.

In the first issue, Appellant argues the trial court erred "in dismissing Appellant's complaint in mortgage foreclosure with prejudice, because a dismissal for *non pros* is not a judgment on the merits."  Appellant's Brief at

_____

[*] Former Justice specially assigned to the Superior Court.

1.  The Majority finds that because the trial court granted Appellee's motion for summary judgment, Appellant is not entitled to relief from a judgment of *non pros*.  **See** Majority Memorandum, at 4, *citing* Pa.R.C.P. 1035.3.  While I agree with the Majority's statement as a matter of law, I view Appellant's argument as a challenge to the trial court's dismissal of the complaint "with prejudice," by comparing the instant grant of summary judgment with cases involving judgment of *non pros* for failure to prosecute an action.

Here, the trial court's decision to grant summary judgment and dismiss Appellant's complaint with prejudice was based **solely** upon counsel's failure to file a timely response to the summary judgment motion.  **See** Pa.R.C.P. 1035.3(d) ("Summary judgment may be entered against a party who does not respond.").  The trial court did not adjudicate the merits of Appellant's foreclosure claim.  In this respect, Appellant relies on case law that addresses the effect of a judgment of *non pros* to argue that because the trial court's ruling was not a judgment on the merits, "it adjudicates nothing and should not preclude Appellant from bringing forward a claim in mortgage foreclosure from the May 1, 2011 default."  Appellant's Brief at 1.  I find Appellant's argument persuasive.

This Court has held that "[s]ince a *non pros* is not a judgment on the merits, it cannot have *res judicata* effect." **Hatchigian v. Koch**, 553 A.2d 1018, 1020 (Pa. Super. 1989) (internal citations omitted). **See also**

*Gutman v. Giordano*, 557 A.2d 782, 783 (Pa. Super. 1989) ("[A] *non pros* for failure to answer a trial listing is not an adjudication on the merits and thus may not form the basis for application of *res judicata*."). Additionally, our Commonwealth Court has held that "a dismissal, even with prejudice, for failure to prosecute a claim is not intended to be *res judicata* of the merits to the controversy." *Municipality of Monroeville v. Liberatore,* 736 A.2d 31, 34 (Pa. Cmwlth. 1999). I agree with Appellant that the principles that apply to a judgment of *non pros* are appropriate for this case. Therefore, I would find that the trial court erred in dismissing the complaint "with prejudice."

In support of its decision to dismiss the complaint with prejudice, the trial court relied on *Werner v. Office of Administration*, 701 A.2d 796 (Pa. Cmwlth. 1997). *See* Trial Court Opinion, 2/25/2016, at 13. In *Werner*, however, the Commonwealth Court, in affirming the Board of Claims' decision to grant summary judgment and dismiss Werner's complaint with prejudice, found that Werner's failure to respond to the summary judgment motion was not excused by the absence of a briefing schedule **and** that the Board had properly concluded there was no jurisdiction to address the issues raised by Werner in his amended complaint because the Supreme Court had already addressed those issues. *See id.* at 799–800. As such, *Werner* does not support the dismissal of the complaint with prejudice in this case where there was no substantive analysis of Appellant's foreclosure action.

The trial court also cites **Pride Contracting, Inc. v. Biehn Construction, Inc.**, 553 A.2d 82 (Pa. Super. 1989), which involved the dismissal of a complaint with prejudice as discovery sanction, pursuant to Pa.R.C.P. 4019(c)(5). **See** Trial Court Opinion, 2/25/2016, at 15. **Pride Contracting** instructs that a trial court must "strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties," and dismiss a complaint with prejudice only where the party's failure to comply has been willful and the opposing party has been prejudiced. **Id.** at 84.

In **Pride Contracting**, the trial court found that the plaintiff-appellant had willfully disregarded discovery orders and that the defendants had been prejudiced by the plaintiff-appellant's failure to supply requested information that was essential to the preparation of the defense. **Id.** at 84. On review, this Court found that the remedy chosen by the trial court was an appropriate exercise of the court's discretion. **Id.** In the present case, however, the record does not reveal, nor did the trial court make, any finding of willful noncompliance or actual prejudice. Rather, the trial court

found "a lack of interest in prosecuting this case and a disregard for judicial time and economy." Trial Court Opinion, 2/25/2016, at 20.[1]

In **Pride Contracting**, this Court recognized that dismissal of a complaint with prejudice is a harsh sanction that "should be imposed only in extreme circumstances." **Id.**, 553 A.2d at 84. Accordingly, based on my review of the record and relevant case law, I would reverse the portion of the order that dismissed Appellant's complaint with prejudice.

Therefore, I concur in part, and respectfully dissent in part.

---

[1] In the same vein, the case of **Azzarelli v. City of Scranton**, 655 A.2d 648 (Pa. Cmwlth. 1995), cited by the trial court, is distinguishable. **See** Trial Court Opinion, 2/25/2016, at 15. In **Azzarrelli**, the Commonwealth Court reversed the trial court's denial of preliminary objections and dismissed Azzarrelli's personal injury action, finding that because Azzarrelli's service was defective the trial court had no jurisdiction over Scranton, and that Scranton was prejudiced "as a matter of law" by Azzarrelli's six year delay in prosecuting the case. **Id.** at 652.