690 A.2d 1229

**Theodore ASIN,**

**v.**

**Sheila ASIN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1997.

Filed March 12, 1997.

516

James M. Bach and Michael Oleyar, Mechanicsburg, for appellant.

Before CAVANAUGH, JOHNSON and EAKIN, JJ.

JOHNSON, Judge.

Sheila Asin appeals from the order that directed her to reimburse her former husband, Theodore, for certain medical expenses that he incurred during a two-month period in 1995. Because we find that the trial court erred by refusing to hear evidence regarding Theodore's entitlement to spousal support, we reverse the trial court's order and remand for a de novo hearing on the entitlement issue.

Sheila and Theodore were married on August 1, 1991. They separated on April 28, 1993, and Sheila subsequently filed for divorce in Cumberland County, Pennsylvania. On January 24, 1995, Theodore filed a complaint in the Dauphin County Court of Common Pleas seeking spousal support in the form of medical insurance coverage. Pursuant to a domestic relations officer's recommendation, the trial court entered an interim order on February 17, 1995, directing Sheila to place her husband on her employer-provided medical insurance plan. Sheila filed a demand seeking a de novo hearing before the trial court on whether Theodore was entitled to spousal support. On April 13, 1995, Sheila nonetheless complied with the court's order by extending her employer-provided health care coverage to include Theodore; she failed, however, to make her husband's coverage retroactive to February 20, 1995, the effective date of the court's interim order.

The trial court held a hearing on September 21, 1995. At this hearing, Sheila argued that Theodore was not entitled to spousal support because he committed indignities upon her during the marriage, thus giving her grounds for divorce. The trial court, however, refused to hear testimony on this issue and continued the proceedings until Theodore submitted his medical bills to Sheila's insurance company for payment. The trial court held another hearing on this matter on November 8, 1995. The trial court determined that the parties were not exchanging information regarding insurance coverage and terminated the proceeding prior to receiving any testimony.

The court then continued the matter until the parties had an opportunity to review all insurance information.

On January 19, 1996, the trial court held a third hearing. While the attorneys for both parties attended this hearing, neither Sheila nor Theodore appeared in person. Based·upon Sheila's absence, the trial court entered a final order denying her appeal and directing her to reimburse Theodore for medical expenses incurred between February 20 and April 13, 1995. This appeal followed.

Sheila contends on appeal that the trial court erred by: (1) concluding that the February 17, 1995, Order was not a support order; (2) refusing to allow Sheila to present evidence of Theodore's alleged indignities; and (3) entering a final spousal support order without first hearing her evidence of indignities.

■ Although the appealability of the order is not addressed by the parties in this case, we nevertheless will examine this question because the appealability of an order goes to the jurisdiction of this Court; we may therefore raise the issue sua sponte. *Leister v. Leister,* 453 Pa.Super. 576, 578, 684 A.2d 192, 193 (1996)(en banc). An en banc panel of this Court has recently held "that a spousal support order entered during the pendency of a *companion* divorce action is not appealable until all claims connected with the divorce action are resolved." *Id.* at 582, 684 A.2d at 195 (emphasis added). In that case, a majority of this Court apparently assumed that both the support and divorce actions were instituted in the same county, thus making them companion actions. *See id.* at 588, 684 A.2d at 198 (Johnson, J., dissenting).

■ Here, the Court of Common Pleas for Dauphin County entered the order currently on appeal on January 19, 1996. The record reflects that the Court of Common Pleas for Cumberland County entered a final divorce decree on May 25, 1995. N.T., September 21, 1995, at 2. Given the different venues of the divorce and support actions, we find that Sheila's divorce action is not a "companion" of Theodore's support

action and the resolution of the claims in the divorce action thus has no impact on the appealability of the order on review here. *See Leister, supra,* at 582, 684 A.2d at 195. Additionally, regardless of our determination that the Asins' divorce action is not a companion of the support action here, it is clear that the order in question was entered after the date of the Asins' final divorce decree. Therefore, the order at issue here is clearly appealable under any reading of *Leister. Id.* at 582, 684 A.2d at 195.

█ Sheila's first contention on appeal is that the trial court's February 17, 1995, Order was in the nature of a support order. The February 17 Order directed Sheila to extend, at no cost to her, her employer-provided health care benefits to Theodore. In its Opinion prepared pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court concluded that the February 17 Order was not a support order. We note that a trial court's legal conclusions are always subject to appellate review. *Zimmerman v. Philadelphia Zoning Bd. of Adjustment,* 540 Pa. 13, 17 n. 2, 654 A.2d 1054, 1057 n. 2 (1995). In examining questions of law, our scope of review is plenary. *Ertel v. Patriot News Co.,* 544 Pa. 93, 98–100, 674 A.2d 1038, 1041 (1996).

Here, the trial court stated in its Rule 1925(a) Opinion:

[Sheila's] appeal complains that the [February 17 Order] is a spousal support order and she should have an entitlement hearing. The Court views [that Order] differently in that no financial obligation was entered against Ms. Asin. Ms. Asin was directed only to perform an event solely within her purview to do and at no cost to her.

Trial Court Opinion, filed June 25, 1996, at 2. Sheila argues that the Pennsylvania legislature has expressed its intent to include an obligor's extension of an employer-provided medical insurance policy to an obligee spouse in its definition of spousal support; therefore, the trial court erred by concluding that, in the absence of a financial obligation, the order was not a support order. This is an issue of first impression in this Commonwealth.

In interpreting legislative enactments, we are mindful that the "object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). Further, when construing one section of a statute, courts must read that section not by itself, but with reference to, and in light of, other sections. *Commonwealth v. Lopez*, 444 Pa.Super. 206, 210–11, 663 A.2d 746, 748 (1995); *see* 1 Pa.C.S. § 1922 (courts must presume that the General Assembly intends an entire statute to be effective). Finally, while this Court may consider statute headings in construing a statute, we may not disregard the letter of the enactment under the pretext of pursuing its spirit. 1 Pa.C.S. §§ 1921(b), 1924; *Lopez, supra.*

The Domestic Relations Code provides as follows:

### § 4324. Inclusion of spousal medical support

In addition to periodic support payments, the court may require that an obligor pay a designated percentage of a spouse's reasonable and necessary health care expenses. *If health care coverage is available through an obligor or obligee at no cost as a benefit of employment or at a reasonable cost, the court shall order an obligor or obligee to provide or extend health care coverage to a spouse.* Upon failure of the obligor to make this payment or reimburse the spouse and after compliance with procedural due process requirement, the court shall treat the amount as arrearages.

23 Pa.C.S. § 4324 (emphasis added). This section appears in Chapter 43 of the Domestic Relations Code, a chapter entitled "Support Matters Generally." An "order of support," as used in Chapter 43, "[i]ncludes assistance imposed or imposable by law or by any court order, whether interlocutory or final, whether incidental to a proceeding for divorce, separate maintenance, action for failure to support a child born out of wedlock or otherwise." 23 Pa.C.S. § 4302. Further, the Domestic Relations Code defines "support" as "[c]are, maintenance and financial assistance." *Id.*

 This review of Chapter 43 indicates that the General Assembly apparently contemplates both monetary and non-monetary forms of support in Chapter 43 of the Domestic Relations Code. As Section 4302 states, "support" includes care and maintenance, as well as financial assistance. Additionally, Section 4302 speaks only of "assistance" in defining an "order of support"; the absence of the adjective "financial" to modify "assistance" is consistent with this section's definition of "support." Moreover, the heading preceding Section 4324, "Inclusion of spousal medical support," suggests that the General Assembly intended to include the forms of assistance outlined in that section in its definition of "spousal support." The General Assembly mentions the extension of employer-provided health care coverage to include an employee's spouse at no cost to the employee as one form of spousal medical support available under Section 4324. Therefore, we conclude that spousal support need not take the form of monetary assistance.

Accordingly, we find that the trial court erred by determining that an order in the context of a civil action seeking spousal support is not a "support order" unless it imposes a financial obligation upon a party to that action. Further, the trial court's February 17 Order granted Theodore the exact form of assistance with health care coverage that the General Assembly prescribes in Section 4324—the extension of employer-provided health care coverage at no cost to the employee spouse. We therefore conclude that February 17 Order was a support order.

Sheila next contends that the trial court erred by concluding that she had no right to present evidence at the de novo hearing on her allegations of indignities. The trial court, in its Rule 1925(a) Opinion, stated: "The Court has scheduled three hearings in this matter and at the final hearing Ms. Asin voluntarily absented herself from the proceeding.... The Court concluded that she was not entitled to a hearing and if she was, she waived that hearing by failing to appear in January of 1996." Trial Court Opinion, *supra*, at 2. This conclusion immediately follows the court's determination that the February 17 Order was not a support order. *Id.* The

trial court apparently based its conclusion that Sheila was not entitled to a de novo hearing upon its earlier conclusion that the February 17 Order was not a support order. *See id.*

Under Pennsylvania Rule of Civil Procedure 1910.11, any party to a support action may file a written demand for a hearing before the trial court after the court has entered an interim support order based upon a domestic relation officer's recommendation. Pa.R.C.P.1910.11(f). "If a demand is filed, there shall be a hearing de novo before the court." Pa.R.C.P. 1910.11(i). This Rule grants parties an absolute right to a de novo hearing on the issues surrounding the support order. *Warner v. Pollock,* 434 Pa.Super. 551, 558, 644 A.2d 747, 751 (1994). Furthermore, it is well established that a dependent spouse who engages in conduct that would constitute grounds for divorce is not entitled to spousal support. *Roach v. Roach,* 337 Pa.Super. 440, 443, 487 A.2d 27, 28 (1985).

Here, Sheila argues that Theodore is not entitled to spousal support because he committed indignities upon her. This allegation, if proved, would constitute grounds for divorce. 23 Pa.C.S. § 3301(a)(6). Based upon our finding that the February 17 Order was a support order, we find that Sheila has an absolute right to a de novo hearing on the issues surrounding the support order. *Warner, supra.* Accordingly, we conclude that the trial court erred by refusing to hear evidence regarding Theodore's entitlement to spousal support.

Furthermore, the trial court failed to recognize which party bears the burden of moving forward in a de novo proceeding. At the January 19, 1996, proceeding, the trial court stated, "Here's what I'm going to do. [Sheila]'s not here today. This is the time for her de novo hearing. We're going to deny her appeal." N.T., January 19, 1996, at 8. The trial court apparently presumes that Sheila, the defendant, bears the initial burden of going forward with evidence in the hearing de novo. We disagree.

Black's Law Dictionary defines a hearing de novo as "a new hearing or a hearing for the second time, contemplating an entire trial in same manner in which matter was originally heard and a review of previous hearing. On hearing 'de novo'

court hears matter as court of original and not appellate jurisdiction." *Black's Law Dictionary* 649 (5th ed.1979). Our case law accords with this definition. *See Commonwealth v. Virnelson*, 212 Pa.Super. 359, 367, 243 A.2d 464, 469 (1968)(de novo review entails full consideration of the case anew, and the reviewing body is in effect substituted for the prior decision maker and redecides the case); *Young v. Department of Environmental Resources*, 144 Pa.Cmwlth. 16, 20, 600 A.2d 667, 668 (1991)("[d]e novo review involves full consideration of the case anew"). Accordingly, in a hearing de novo, the complainant has the initial burden of going forward with the evidence, as he must prove his case as if for the first time. *See* Standard Pennsylvania Practice 2d § 49:44. Here, the complainant is the plaintiff in the support action, Theodore. It was his burden, not Sheila's, to proceed with the introduction of evidence at the de novo hearing.

Based on the foregoing, we reverse the trial court's January 19, 1996, Order and remand this matter to the trial court for a de novo hearing on whether Theodore is entitled to spousal support. Because of our resolution of Sheila's first two contentions, we need not address her remaining contention on appeal.

Order **REVERSED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**