**Bernadette M. CAPUANO, Appellee**

v.

**Michael J. CAPUANO, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 12, 2003.
Filed May 5, 2003.

David A. Klein, Haddonfield, N.J., for appellant.

Christina M. Veltri, York, for appellee.

Before: JOHNSON, JOYCE and OLSZEWSKI, JJ.

JOYCE, J.

¶ 1 In this appeal, Michael J. Capuano (Appellant) appeals from the May 15, 2002 order of the Court of Common Pleas of York County awarding spousal and child support to Appellee, Bernadette M. Capuano, following a *de novo* hearing. We reverse and remand for proceedings consistent with this opinion.

¶ 2 The parties are husband and wife who are currently separated. They were married on October 18, 1986. Three children were born of the marriage: Vito M. Capuano (born March 3, 1988), Jon A. Capuano (born July 2, 1992), and Tia M. Capuano (born June 17, 1996). Following the parties' separation, on December 12, 2001, Appellee-wife filed a support complaint against Appellant-husband, seeking child support and spousal support. A conference was held on February 15, 2002, before the conference officer of the domestic relations section of York County. Following the conference, an order of support was entered on the same day, imputing to Appellant an earning capacity of $75,000.00 per year. The order required Appellant to pay the sum of $1,223.00 per month for support of the parties' three children and $248.00 per month for spousal support. Appellant was also directed to pay $80.00 per month towards the support arrears. Appellant took issue with the fact that the conference officer imputed to him an earning capacity that is higher than his actual earnings and calculated his support obligation on the basis of the imputed earning capacity. To that end, Appellant filed a demand for a hearing *de novo* on February 27, 2002. On February 28, 2002, the trial court issued an order scheduling Appellant's *de novo* hearing for April 10, 2002.

¶ 3 At the April 10, 2002 hearing, the trial court entertained arguments from Appellant's counsel and from Appellee's counsel. Although Appellant was never placed under oath, the trial court occasionally questioned Appellant directly regarding his contentions. Appellant, an air freight salesman, argued that although he previously held a higher paying job, he subsequently lost this job due to circumstances beyond his control. He contended that due to the September 11, 2001 terrorist attacks, the business of the air freight industry was adversely affected and as such, he was unable to secure a job that pays as much as he previously earned. When Appellant's counsel sought to introduce testimony and other evidence, the trial court prevented him from doing so.[1] On her part, Appellee never sought nor

---

1. In stating that the trial court did not entertain testimony or permit the parties to present other evidence, we must point out that the court considered the financial documents submitted by the parties to the conference officer such as the parties' prior income tax returns, income and expense statements, etc. However, as will be discussed later, this is not sufficient. A *de novo* hearing entails full consideration of the issues as well as presentation of evidence.

attempted, to present testimony or other evidence in support of her position. Rather, she argued that the reduction in Appellant's income was voluntary because Appellant was fired from his higher paying job after the parties' separation due to nonperformance. Ultimately, the trial court agreed with the conference officer's overall determination and calculation of Appellant's support obligation, including the imputation of a $75,000.00 yearly earning capacity. The trial court issued an order to this effect on April 10, 2002.[2]

¶ 4 Appellant now appeals from the above order. The issues presented are:

A. WHETHER THE LOWER COURT ABUSED ITS DISCRETION BY PRECLUDING APPELLANT FROM OFFERING TESTIMONY AND RELATED EVIDENCE REGARDING HIS REDUCED INCOME?

B. WHETHER THE LOWER COURT ABUSED ITS DISCRETION BY RENDERING A FINDING OF FACT REGARDING APPELLANT'S INCOME CONTRARY TO APPELLANT WITHOUT ALLOWING APPELLANT THE OPPORTUNITY TO PRESENT EVIDENCE OR TESTIMONY PERTAINING THERETO?

C. WHETHER THE LOWER COURT'S DETERMINATION OF APPELLANT'S IMPUTED INCOME WAS CONSISTENT WITH APPLICABLE LAW AND SUPPORTED BY THE EVIDENCE?

Brief for Appellant, at 5.

■■■ ¶ 5 Before addressing the above issues, we must first determine the appealability of the May 15, 2002 support order because questions concerning appealability of an order go to the jurisdiction of the court to hear the appeal and may be raised *sua sponte*. *See Fried v. Fried*, 509 Pa. 89, 501 A.2d 211, 212–13 (1985). In the case at bar, the order at issue is an allocated support order, i.e., it made separate provisions for child support and separate provisions for spousal support.[3] "[During the pendency of a divorce action,] the portion of a trial court order attributable to child support is final and immediately appealable; however, the portion of an order allocated to spousal support is interlocutory." *Hrinkevich v. Hrinkevich*, 450 Pa.Super. 405, 676 A.2d 237, 239 (1996), *citing Calibeo v. Calibeo*, 443 Pa.Super. 694, 663 A.2d 184, 186 (1995). In keeping with the above principle, our court recently opined:

> It is well-recognized that a spousal support order entered during the pendency of a divorce action is not appealable until all claims connected with the divorce action are resolved. *Fennell v. Fennell*, 753 A.2d 866, 867 (Pa.Super.2000); *Deasy v. Deasy*, 730 A.2d 500, 502 (Pa.Super.1999), *appeal denied*, 562 Pa. 671, 753 A.2d 818 (2000). The rationale behind this rule is that, for purposes of judicial efficiency, in the event that an initial award of interim relief is granted in error, the court has the power to

---

**2.** The order was mailed to the parties on May 15, 2002 pursuant to Pa.R.C.P. 236. As such, May 15, 2002 is the official date on which the order was entered. *See* Pa.R.A.P. 108(b) (the date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of

the order has been given as required by Pa. R.C.P. 236(b)); *Frazier v. City of Philadelphia*, 557 Pa. 618, 735 A.2d 113, 115 (1999).

**3.** Compare Pa.R.C.P.1910.16(b) and 1920.56(b) (an unallocated order granting both child and spousal support is final and appealable).

make adjustments in the final settlement via the equitable distribution of marital property. *Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319, 321 (1986). Thus, when all economic matters involved in a divorce are resolved, any support order can be reviewed and corrected when the court finalizes the equitable division of the property. *Fried v. Fried*, 509 Pa. 89, 96, 501 A.2d 211, 215 (1985).

*Thomas v. Thomas*, 760 A.2d 397, 398 (Pa.Super.2000).

¶ 6 Based on the above, it is clear that the child support portion of the May 15, 2002 order is appealable and is properly before us. However, we must ascertain whether there is a pending divorce action in this case so as to determine the appealability of the spousal support portion of the May 15, 2002 order. There are strong indications that there is a pending divorce action. First, on paragraph 3(c) of the support complaint filed by Appellee on December 12, 2001, wife indicated that the parties were not divorced and that a divorce action was pending. Second, in his brief Appellant indicated the existence of a divorce action, stating as follows: "On or about October 3, 2001, Appellee filed a divorce complaint against Appellant being case number 2001—SU—04941 in the York County Court of Common Pleas. Appellee sought spousal and child support under Docket No. 0353 SA 2001..." Brief for Appellant, at 6. Third, in her brief, Appellee stated that "the parties to this action are husband and wife and are in the process of a divorce to [sic] Case No.2001–SU–04941–02D in the Court of Common Pleas of York County, Pennsylvania." Brief for Appellee, at 1.

■■■ ¶ 7 In light of the above indications, we conclude that a divorce action between the parties was pending at the time of this appeal and as such, the portion of the May 15, 2002 support order dealing with spousal support is interlocutory and unappealable. *See Hrinkevich, supra; Thomas, supra.* On the other hand the portion of the order dealing with child support is properly before us. *See id.* We will therefore address Appellant's arguments as they relate to child support.

In reviewing orders granting, denying or modifying support, this Court is limited to considering whether, based on clear and convincing evidence, the trial court abused its discretion. An abuse of discretion requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality.

*Rebert v. Rebert*, 757 A.2d 981, 983 (Pa.Super.2000) (citations omitted).

■■■ ¶ 8 Appellant's first and second issues deal with the trial court's decision to preclude Appellant from offering testimony and related evidence regarding his reduced income at the *de novo* hearing. According to Appellant, the trial court's decision amounts to an abuse of discretion. We agree. The trial court explained its rationale for preventing Appellant from introducing evidence as follows:

Counsel are informed that Court policy on de novo appeals is that if testimony is to be required and evidence is to be presented, counsel should notify the Court and request a special hearing so we can schedule sufficient time for said matters to be presented. In this case, no request was made and accordingly, we heard oral argument from the parties on the matter.

Trial Court Opinion, 7/23/02, at 1–2. Under the circumstances of this case, we cannot condone this policy or its application in this case.

¶ 9 The Pennsylvania Rules of Civil Procedure provide detailed guidelines regarding the uniform procedure to be followed in support cases. The explanatory comments preceding the Rules dealing with support actions state as follows:

Statewide rules of the Supreme Court governing actions for support are generally required for two principal reasons. First, a number of counties have reviewed their procedures in support actions and have promulgated local rules containing diverse procedures. Basic procedural rights as a matter of policy should apply to litigants throughout the Commonwealth. The increased emphasis upon family law matters requires a modern, expeditious and uniform procedure to be employed in all counties. Second, the concept of a unified judicial system, as contained in the Constitution of 1968, and a system of statewide practice of law require a uniformity of procedure throughout the Commonwealth.

Explanatory Comment—1981. In keeping with the above Comment, Pa.R.C.P.1910.1 provides that subject to very limited exceptions, "the rules of this chapter govern all civil actions or proceedings brought in the court of common pleas to enforce a duty of support, or an obligation to pay alimony pendente lite." *Id.*

¶ 10 The rules set forth the manner and form in which an action may be commenced (Rule 1910.4) and the hearing procedures to be followed (Rules 1910.10, 1910.11, and 1910.12). As noted in Rule 1910.10, York County has elected to follow the procedures set forth in Rule 1910.11. Under 1910.11, following the commencement of a support action, the conference officer shall convene a conference at which the parties shall provide their financial statements and other relevant documents. The conference officer may make a recommendation to the parties with a view to

reaching an agreement. Rule 1910.11(d). Following the conference, the conference officer makes a recommendation to the trial court even if the parties did not reach an agreement. The trial court will then enter an interim order of support without hearing the parties. Rule 1910.11(f). The order shall inform the parties of their right to seek a *de novo* hearing before a trial court. *See id.;* 1910.11(i). Rule 1910.11 contains further provisions regarding the *de novo* hearing:

(i) If a demand is filed, there shall be a hearing de novo before the court. The domestic relations section shall schedule the hearing and give notice to the parties. The **court shall hear the case** and enter a final order substantially in the form set forth in Rule 1910.27(e) within sixty days from the date of the written demand for hearing.

(j) (1) Promptly after receipt of the notice of the scheduled hearing, a party may move the court for a separate listing where

(i) there are complex questions of law, fact or both, or

(ii) the hearing will be protracted, or

(iii) the orderly administration of justice requires that the hearing be listed separately.

(2) If the motion for separate listing is granted, discovery shall be available in accordance with Rule 4001 et seq.

Rule 1910.11(i) and (j) (emphasis added).

¶ 11 In case at bar, up until the *de novo* hearing, the matter proceeded according to the Rules. The support complaint was properly filed, the hearing officer convened a conference and reviewed the parties' financial information and their respective contentions. However, an agreement was not reached. At the conclusion of the conference, the conference officer made a recommendation to the trial court regarding Appellant's obligation to pay child sup-

port. On the strength of this recommendation, the trial court entered an order of support on February 15, 2002. In keeping with the Rules, the order informed the parties of their right to request a hearing *de novo* before the trial court. Appellant did indeed request a *de novo* hearing, as he was entitled to, and the trial judge issued an order scheduling the hearing for April 10, 2002. The order stated as follows in pertinent part:

YOU ARE PERMITTED TO HAVE AN ATTORNEY REPRESENT YOU AT THIS HEARING. YOU ARE ENTITLED TO PRESENT EVIDENCE AND/OR TESTIMONY. YOU ARE ENTITLED TO CROSS-EXAMINE THE OPPOSING PARTY.

\* \* \*

**Your case has been listed in a session of Court with eight to twelve other cases. If 15–20 minutes will not be sufficient to fully present your case to the Court, it is appellant's burden to Motion the Court for a special listing. Refer to Rule PA R.C.P.1910.11(j).** It is recommended that that Counsel or parties provide a brief Trial Memorandum to the Court to be delivered to the office of the presiding Judge seven (7) days prior to trial. The Trial Memorandum shall be approximately two (2) pages in length, unless the case is complex or the parties are self-employed.

Trial Court Order, Per Curiam, 2/28/02 (emphasis in original).

¶ 12 Nothing in the above order indicates that a party must notify the trial court in advance or motion for a special listing if the party intends to introduce testimony or other evidence. The order only required a party to motion for a special listing if the party anticipates that 15 to 20 minutes would not be sufficient for the presentation of the case.[4] Thus, the February 28, 2002 order does not provide a basis for the trial court to prevent Appellant from introducing evidence. As Appellant correctly pointed out, he anticipated that his presentation of testimony and other evidence would not exceed 20 minutes. Therefore, he saw no need to request a special listing. We cannot fault Appellant for this tactic. Further, it is interesting to note that there is nothing in the transcript of the *de novo* hearing indicating that the reason for precluding Appellant from introducing evidence had anything to do with failure to motion for a special listing.

¶ 13 The trial court's purported unwritten policy of not permitting the presentation of evidence at a *de novo* hearing except when a party motions for a special listing is at odds with the February 28, 2002 order which specifically informed the parties of their right to present evidence. More importantly, the policy is at odds with the Rules of Civil Procedure governing support actions, which, as previously stated, places great emphasis on uniform statewide procedures. The trial court's unwritten policy is not a statewide policy, and it is neither uniform nor based on the Rules of Civil Procedure. The Rules contemplate the presentation of evidence at a *de novo* hearing. Rule 1910.11(i) provides that at such a hearing, "[t]he **court shall hear the case** and enter a final order." It is difficult to conceive how the court can hear a case without the presentation of evidence. It is likewise difficult to see on

---

4. We note that although the February 28, 2002 order referenced Pa.R.C.P.1910.11(j) in setting a 15 to 20–minute time limit, that rule contains no such time limitation for the presentation of evidence. The Rule only requires a party to move for a separate listing when there are complex questions, or when the hearing would be protracted or when orderly administration of justice requires.

what basis the trial court can enter an order without the presentation of evidence.

¶ 14 Under Rule 1910.19(b), the procedure for support modification shall be in accordance with the rules dealing with support orders generally. Rule 1910.19(c) provides that "pursuant to a petition for modification, the trier of fact may modify, or terminate the existing support order in any appropriate manner **based upon the evidence presented."** *Id.* (emphasis added). Our review of the Rules governing support actions leads us to conclude that a party must be permitted to present evidence at a *de novo* hearing, subject, of course to the provisions of Rule 1910.11(j) dealing with separate listings in complex cases.

¶ 15 In *Asin v. Asin,* 456 Pa.Super. 515, 690 A.2d 1229 (1997), in a spousal support case, our Court dealt with a trial court's conclusion that the wife had no right to present evidence at a de novo hearing regarding her allegations that the husband committed indignities upon her and is therefore not entitled to spousal support. *Id.* at 1232. In addressing this issue, we began by noting that:

> Under Pennsylvania Rule of Civil Procedure 1910.11, any party to a support action may file a written demand for a hearing before the trial court after the court has entered an interim support order based upon a domestic relation officer's recommendation. Pa.R.C.P. 1910.11(f). "If a demand is filed, there shall be a hearing de novo before the court." Pa.R.C.P.1910.11(i). This Rule grants parties an absolute right to a de novo hearing on the issues surrounding the support order. *Warner v. Pollock,* 434 Pa.Super. 551, 558, 644 A.2d 747, 751 (1994). Furthermore, it is well established that a dependent spouse who engages in conduct that would constitute grounds for divorce is not entitled to

> spousal support. *Roach v. Roach,* 337 Pa.Super. 440, 443, 487 A.2d 27, 28 (1985).

*Asin,* 690 A.2d at 1232. Ultimately, we concluded that the trial court erred by refusing to hear evidence regarding husband's entitlement or lack thereof, to spousal support. *Id.*

 ¶ 16 In the case at bar, the conference officer attributed to Appellant an earning capacity that is higher than his actual earnings. Appellant sought a *de novo* hearing in order to show why his actual earnings should be utilized in determining his support of obligation. He sought to show, for instance, that although he previously earned higher income than he now earns, this reduction in income was not voluntary and that his current job was the best paying job he could secure under the circumstances. We realize that the trial court heard arguments from Appellant's counsel and from Appellant regarding these contentions. However, these arguments are not a substitute for evidence. Appellant should have been permitted to present evidence in support of his arguments. The very essence of a *de novo* hearing entails that parties be permitted to present evidence as shown by the following text:

> Black's Law Dictionary defines a hearing de novo as "a new hearing or a hearing for the second time, contemplating an entire trial in same manner in which matter was originally heard and a review of previous hearing. On hearing 'de novo' court hears matter as court of original and not appellate jurisdiction." Black's Law Dictionary 649 (5th ed.1979). Our case law accords with this definition. *See Commonwealth v. Virnelson,* 212 Pa.Super. 359, 367, 243 A.2d 464, 469 (1968)(de novo review entails full consideration of the case anew, and the reviewing body is in effect substitut-

ed for the prior decision maker and re-decides the case); *Young v. Department of Environmental Resources,* 144 Pa. Cmwlth. 16, 20, 600 A.2d 667, 668 (1991)("[d]e novo review involves full consideration of the case anew"). Accordingly, in a hearing de novo, the complainant has the initial burden of going forward with the evidence, as he must prove his case as if for the first time. *See* Standard Pennsylvania Practice 2d § 49:44.

*Asin,* 690 A.2d at 1232—1233. Along the same lines, in *Rebert, supra,* a case involving child support and spousal support, we stated that:

"De novo" review entails, as the term suggests, full consideration of the case anew. The reviewing body is in effect substituted for the prior decision maker and redecides the case. *D'Arciprete v. D'Arciprete,* 323 Pa.Super. 430, 470 A.2d 995, 996 (1984)(quoting *Commonwealth v. Gussey,* 319 Pa.Super. 398, 466 A.2d 219, 222 (1983)). In *Warner* [*v. Pollock,* 434 Pa.Super. 551, 644 A.2d 747, 750 (Pa.Super.1994) ] *supra,* this Court stated under Rule 1910.11 "one demands a hearing, one does not file an appeal." *Id.* at 750. The Court emphasized the differences between an appeal and a hearing de novo, explaining an appeal deals with assertion of specific error whereas a de novo hearing is a full reconsideration of the case.

*Rebert,* 757 A.2d at 984. Accordingly, we conclude that at a *de novo* hearing in support cases, parties must be permitted to present evidence in support of their respective positions. The trial court's decision to preclude Appellant from introducing evidence at the April 10, 2002 *de novo* hearing constitutes reversible error.

¶ 17 We now turn to Appellant's third argument, namely, that the trial court's determination of his earning capacity was inconsistent with applicable law and not supported by the evidence. We are unable to review this issue because, as previously noted, the trial court prevented Appellant from introducing evidence in support of his contentions. Indeed, the trial court did not receive evidence from both parties at the *de novo* hearing. Therefore, we must remand this case to the trial court for a proper *de novo* hearing. While it is not our place to prejudge what would happen at the *de novo* hearing, we remind the trial court that at the hearing, Appellee bears the burden of establishing her entitlement to child support; she bears the burden of establishing why Appellant's earning capacity, as opposed to his actual income, should be utilized in calculating his support obligation; she bears the burden of proving that the reduction in Appellant's income was voluntary since she claims that Appellant lost his higher paying job due to nonperformance. *See generally, Asin,* 690 A.2d at 1232 (in a hearing *de novo,* the complainant has the initial burden of going forward with the evidence, as he or she must prove his or her case as if for the first time). After the presentation of Appellee's case, Appellant should then be permitted to introduce evidence to counter Appellee's evidence and contentions. Appellant should be permitted to introduce evidence in support of his position that the September 11, 2001 terrorist attacks had a very adverse economic impact on the air travel industry in general and the air freight business in particular. He must show how the alleged adverse economic climate in his industry impacted his employment situation and his earnings. He must also be permitted to introduce evidence that his reduction in income was involuntary and that his current job is the best he could secure under the circumstances. In holding that parties must be permitted present evidence at *de novo* hearings, we recognize that due to

practical considerations, these hearings may not lend themselves to rigidly formalistic procedures applicable to a full-fledged trial. However, at the very least, parties should not be prevented from presenting evidence at these hearings.

¶ 18 In conclusion, as the challenged order was entered following a hearing *de novo* pursuant to Pennsylvania Rule of Civil Procedure 1910.11, we reverse the decision and remand for another hearing *de novo* in the York County Court of Common Pleas to determine Appellant's support obligation under Pennsylvania law.

¶ 19 Order reversed. Remanded for a *de novo* hearing. Jurisdiction relinquished.