835 A.2d 1281

**Nancy B. MAHER, Appellee,**

v.

**Joseph P. MAHER, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 10, 2003.

Decided Nov. 20, 2003.

Joseph P. Maher, Pro se.

Lawrence B. Fox, for Nancy B. Maher.

Before CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN, LAMB, JJ.

## *OPINION*

Justice LAMB.

We granted allowance of appeal to review two issues relating to a child support order entered for the benefit of the divorced parties' children. The first issue before this Court is whether the trial court abused its discretion or committed an error of law by requiring Appellant to pay for Appellee's medical coverage, contrary to Pa.R.C.P.1910.16–6(b). We hold that it did. The second issue is whether the trial court abused its discretion or committed an error of law in determining both the amount and the time period of pro-ration of Appel-

lee's inheritance income for the purpose of setting Appellee's net monthly income. We hold that it did commit an error of law with respect to the second issue.

Nancy B. Maher (Appellee/Mother) and Joseph P. Maher (Appellant/Father) were divorced approximately ten years ago.[1] The parties have two minor children, Jeffrey (d.o.b.3/18/84) and Lisa (d.o.b.8/22/86). On December 10, 1997, Appellee filed a petition for child support. After conducting a support conference, the trial court ordered Appellant to pay $344.00 per month for child support, arrears of $69.00 per month, and 42% of the children's unreimbursed medical expenses. On June 9, 2000, Appellee filed a petition for modification requesting an increase in child support due to a change in circumstance of Appellant's employment. After conducting a modification conference on October 10, 2000, the trial court found that Appellant's net income was $3,155.56 per month. The trial court ordered Appellant to pay $907.00 in child support plus arrears of $182.00 per month. Appellant was also required to pay 41% of unreimbursed medical expenses. Despite Appellant's objections to the contrary, the trial court included a credit to Appellee for her payment of the health insurance premium for her and the children, including that portion of the premium that pays for Appellee's coverage. Appellant demanded a *de novo* hearing, after which the trial court issued its December 7, 2000 order requiring Appellant to pay $889.00 in child support per month, $178.00 in arrears per month, and 41% of unreimbursed medical expenses.

The trial court refused to exclude from Appellant's support obligation his allocated portion of the health insurance premium that pays for Appellee's coverage. The trial court found that Appellee's adjusted net income from employment was $2,225.00. In addition, the trial court assessed Appellee with an inheritance that she had received from her mother. The trial court determined that Appellee received an inheritance totaling $142,773.75 after taxes. The trial court prorated her

1. *See* Appellant's Brief, p. 6. The approximate date of the parties' divorce is not addressed in any lower court opinion and has not been disputed by Appellee as she did not file a brief with this Court.

receipt of that amount based on the time from distribution to the time when the younger child was to reach the age of majority, sixty-nine months. Therefore, the trial court added $2,069.00 to Appellee's monthly income and found that her total monthly income was $4,294.00.

With respect to Appellant's income, the trial court found that Appellant earned $5,500.00 per year as Lehigh County Commissioner and discounted his testimony that he would earn no more than $26,000.00 from his work as an attorney. The court noted that Appellant was an attorney with twenty-five years of experience and assigned him an earning capacity based on the highest base salary he had earned as an attorney.

Appellant filed an appeal in the Superior Court, raising three issues. The Superior Court, although agreeing with the trial court's ultimate resolution of the issues presented, vacated and remanded on the basis that the trial court erred in determining the amount of Appellee's inheritance and thus miscalculated her net monthly income.[2] This Court granted Appellant's Petition for Allowance of Appeal limited to two of the three issues that were addressed by the Superior Court.

This Court has recently addressed appellate review of a child support matter:

In reviewing child support matters, appellate courts apply the abuse of discretion standard. *Ball v. Minnick*, 538 Pa. 441, 648 A.2d 1192 (1994). This Court has defined an abuse of discretion as follows: Not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unrea-

---

2. The trial court found that Appellee, as 50% beneficiary to her Mother's estate, received one-half of $303,774.94, or $151,887.47. The trial court found that Appellee received $142,773.75 based on its calculation of the deduction of Pennsylvania inheritance tax. However, the Superior Court concluded that this finding was in error, as Appellee conceded that her actual inheritance was $162,313.00. Therefore, the Superior Court vacated the trial court's order and remanded for a recalculation of the inheritance amount and Appellee's net monthly income. We do not disturb that portion of the Superior Court's Order that required recalculation of the inheritance amount, which shall be in effect upon remand.

sonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. *Blue v. Blue,* 532 Pa. 521, 616 A.2d 628, 631 (1992) citing *In re Women's Homeopathic Hospital of Philadelphia,* 393 Pa. 313, 142 A.2d 292, 294 (1958).

*Humphreys v. DeRoss,* 567 Pa. 614, 790 A.2d 281, 283 (2002).

Our analysis begins with Rule 1910.16–6(b), the rule that was relied on by the trial court, which provides:

> Support Guidelines. Adjustment to the Basic Support Obligation
>
> . . .
>
> (b) Health Insurance Premiums.
>
> (1) A party's payment of a premium to provide health insurance coverage on behalf of the other party or the children shall be allocated between the parties in proportion to their net incomes, including the portion of the premium attributable to the party who is paying it. If the obligor is paying the premium, then obligee's share is deducted from the obligor's basic support obligation. If the obligee is paying the premium, then obligor's share is added to his or her basic support obligation. Employer-paid premiums are not subject to allocation.

Pa.R.C.P.1910.16–6(b)(1).

> The trial court relied on Rule 1910.16–6(b)(1) as follows:
>
> The Defendant also objects to the hearing officers' allowance of full credit in the amount of $387.00 to [Appellee] for her health insurance premiums. The hearing officer's decision is in compliance with the Uniform Support Guidelines. Pennsylvania Rule of Civil Procedure 1910.16–6(b)(1) states that "A party's payment of a premium to provide health insurance coverage on behalf of the other party or the children shall be allocated between the parties in proportion to their net incomes, including the portion of the premium attributable to the party who is paying it."

Trial Ct. slip op., December 7, 2000, p. 4.

The Superior Court, 788 A.2d 1038 concluded that the trial court did not abuse its discretion or commit an error of law by

including that portion of the premium that pays for Appellee's coverage because:

> [Rule 1910.16–6(b)(1) ] permits the trial court to compel [Appellant] to pay an allocated portion of health insurance coverage on behalf of [Appellee], as the other party, or the children. The trial court required father to pay 41%, his portion as allocated by their net incomes, of [Appellee's] and the children's health insurance coverage.

Superior Ct. slip op., p. 8.[3]

 Before considering Rule 1910.16–6(b)(1) with respect to the issue before us, we must consider the scope of the Rules of Civil Procedure relating to actions for support and that those are rules of procedure, not of substantive law. To that end, Rule 1910.1 (entitled Scope. Definitions) provides:

> (a) Except as provided by subdivision (b), the rules of this chapter govern all civil actions or proceedings brought in the court of common pleas to enforce a duty of support, or an obligation to pay alimony pendente lite.
>
> *Note: A duty of support is imposed by the following statutes: 23 Pa.C.S. 4321 and Section 3 of the Support Law of June 24, 1937, P.L.2045, 62 P.S.1973.*[4]

Pa.R.C.P.1910.1. (emphasis added) (footnote supplied).[5] Therefore, Rule 1910.16–6(b)(1) cannot be given a meaning or construed to create a duty of support beyond that established

---

**3.** The Superior Court also suggested that a conflict exists between Rule 1910.16–6(b)(1) and Rule 1910.16–6(b)(2) in the context of this case. But we reject such a suggestion because neither subsection of the rule changes the obligations of divorced parties as the rules discussed herein address only child support, spousal support and alimony pendente lite. *See* Pa.R.C.P.1910.16–1.

**4.** 62 P.S. § 1973 is not relevant to the instant case as it relates to the support obligation that certain relatives owe to indigent persons.

**5.** Subdivision (b) of Rule 1910.1 is not relevant to the instant case as it provides:

> The rules of this chapter shall not govern
> (1) an action or proceeding for support based upon a contract or agreement which provides that it may not be enforced by an action in accordance with these rules, and
> (2) an application for a temporary order of support and other relief pursuant to the Protection From Abuse Act of December 19, 1990, P.L. 1240, No. 206, 23 Pa.C.S. 6101 et seq.

by 23 Pa.C.S. § 4321 *et seq.* 23 Pa.C.S. 4321 provides for liability for support:

Liability for support

Subject to the provisions of this chapter:

(1) Married persons are liable for the support of each other according to their respective abilities to provide support as provided by law.

(2) Parents are liable for the support of their children who are unemancipated and 18 years of age or younger.

(3) Parents may be liable for the support of their children who are 18 years of age or older.

23 Pa.C.S. 4321. It is clear that 23 Pa.C.S. § 4321 does not impose a support liability between ex-spouses. Therefore, procedural Rule 1910.16–6(b)(1) cannot be read to impose upon an ex-husband the duty to support his ex-wife.[6] Because Rule 1910.16–6(b)(1) provides no foundation for an order that requires an ex-spouse to pay that portion of a health insurance premium that is paid for the coverage of the other ex-spouse, any such portion of a premium must be excluded from an allocation made between the parties for purposes of implementing a child support order.

However, the application of Rule 1910.16–6(b)(1) to the case *sub judice* does not impede a trial court's ability to require a spouse to provide the other spouse with health care coverage provided that such award is made in the context of a spousal relationship as opposed to that of divorced parties.[7] But in

---

**6.** Nor can it impose upon an ex-wife the duty to support her ex-husband.

**7.** 23 Pa.C.S. § 4324 provides:

Inclusion of spousal medical support

In addition to periodic support payments, the court *may* require that an obligor pay a designated percentage of a spouse's reasonable and necessary health care expenses. If health care coverage is available through an obligor or obligee at no cost as a benefit of employment or at a reasonable cost, the court shall order an obligor or obligee to provide or extend health care coverage to a *spouse.* Upon failure of the obligor to make this payment or reimburse the spouse and after compliance with procedural due process requirement, the court shall treat the amount as arrearages.

the context of this case, as explained by the above discussion, it was an error of law for the trial court to include in the allocation that portion of the insurance premium that is paid for Appellee's coverage. Therefore, the portion of the Superior Court's Order that affirmed the trial court's inclusion of that portion of the insurance premium that is paid for Appellee's coverage is reversed, and this case is remanded to the trial court for allocation of the portion of the health insurance premium that is attributable to the children only.[8]

■ Next, Appellant argues that the trial court abused its discretion in determining both the amount and the duration of Appellee's prorated inheritance income. The Superior Court concluded that the trial court was correct in determining that the inheritance was income to Appellee that should be prorated as income over sixty-nine months.[9] In support of that

23 Pa.C.S. § 4324 (emphasis added). Further, 23 Pa.C.S. § 4326 provides, in pertinent part:

Mandatory inclusion of child medical support

(a) General rule.—In every proceeding to establish or modify an order which requires the payment of child support, the court shall ascertain the ability of each parent *to provide health care coverage for the children of the parties and the order shall provide health care coverage for each child as appropriate.*

23 Pa.C.S. § 4326(a)(emphasis added).

8. Rule 1910.16–6(b)(2) provides:

When the health insurance covers other persons who are not parties to the support action or children who are not the subjects of the support action, the portion of the premium attributable to them must be excluded from the allocation. In the event this portion is not known or cannot be verified, it shall be calculated as follows. First, determine the cost per person by dividing the total cost of the premium by the number of persons covered under the policy. Second, multiply the cost per person by the number of persons who are not parties to, or the subject of, the support action. The resulting amount is excluded from allocation.

Pa.R.C.P.1910.16–6(b)(2)(As of July 30, 2003, this Court amended subdivision (2) for clarity, and ruled that said amendment shall be effective immediately. The amendment included a 2003 explanatory comment, which is not cited here. Although Subsection (b) does not apply to the instant case, the method set forth for excluding a portion of a premium can be similarly applied in the instant case).

9. However, *see* footnote 2 *supra,* explaining that the Superior Court vacated the trial court's order regarding the amount of the inheritance income and remanded to the trial court for a recalculation of same.

conclusion, the Superior Court cited its decision in *Humphreys v. DeRoss*, 737 A.2d 775 (Pa.Super.1999), *rev'd*, 567 Pa. 614, 790 A.2d 281 (2002).[10]

In *Humphreys v. DeRoss*, the Superior Court considered whether the trial court erred when it held that an inheritance received by DeRoss should be considered in the calculation of his income for child support purposes. DeRoss was the sole beneficiary of his mother's estate. After DeRoss had utilized his inheritance to purchase a new home and some other items for his family's benefit, Humphreys petitioned the court for a modification of an existing support order based on a change in circumstances due to DeRoss's receipt of the inheritance. The hearing officer granted the petition and imputed additional monthly income to DeRoss by prorating the amount received by DeRoss based on the time from the date of the modification petition to the time when the parties' child was to reach the age of majority. In appealing the hearing officer's decision, DeRoss argued, *inter alia*, that the money he realized from his inheritance does not fall under any of the examples of income that are set forth in 23 Pa.C.S. § 4302, and that therefore, the inheritance cannot be considered income for purposes of calculating his child support obligation. However, the Superior Court focused on the portion of the definition of income contained in Section 4302 that reads "other entitlements to money or lump sum awards, without regard to source, including lottery winnings." *Humphreys*, 737 A.2d at 779 (citing 23 Pa.C.S. § 4302). The Superior Court therefore determined that DeRoss's inheritance was properly considered income as an entitlement to money without regard to source. *Id.*

On appeal to this Court, we reversed the Superior Court's decision, holding that the corpus of an inheritance may not be considered income for purposes of calculating child support. *Humphreys v. DeRoss*, 567 Pa. 614, 790 A.2d 281 (2002).

10. At the time of the Superior Court's decision in the instant case, dated August 29, 2001, the Superior Court did not yet have the benefit of this Court's analysis of the issue in *Humphreys v. DeRoss*, 567 Pa. 614, 790 A.2d 281 (2002).

Therefore, the Superior Court's holding in the instant case that an inheritance is income for purposes of calculating child support is reversed, and the case is remanded to the trial court for recalculation of the support obligations of both Appellee and Appellant in accordance with this Court's holding in *Humphreys*.

Additionally, in *Humphreys* this Court noted that:

> In light of the fact that we can find no principled way of fitting the corpus of an inheritance into the statutory definition of income, we hold that it may not be so included. However, this does not mean that an inheritance will not affect the amount of support to which a child may be entitled. The Support Guidelines provide that in deciding whether to deviate from the presumptive amount of support determined by the Guidelines, the trier of fact shall consider, *inter alia,* the *assets of the parties* and other relevant and appropriate factors, including the best interests of the children. Pa.R.C.P.1910.16–5(b)(5),(9)(emphasis added). Rule 1910.16–5(a) requires the trier of fact to provide written reasons for, and findings of fact justifying the amount of the deviation.

*Humphreys* 790 A.2d at 287–88 (footnote omitted) (italics in original). These same considerations shall be considered on remand in the instant case. We recognize that the inheritance *sub judice* is that of the payee, however, we hold that an inheritance received by a payee can likewise affect the amount of support to which a child may be entitled, and therefore, if so determined by the fact finder, Appellees support obligation should be adjusted accordingly.

For the reasons discussed above, the Order of the Superior Court is reversed and remanded for proceedings consistent with this opinion.

Justice NEWMAN files a concurring and dissenting opinion in which Justice NIGRO joins.

Justice NEWMAN, Concurring and Dissenting.

I agree with the majority that the trial court committed an error of law when it determined that the inheritance of Appellee was income available for support. As well, I agree that, given the facts of this case, the trial court erred by including in Appellant's support obligation a portion of the premium for Appellee's health insurance coverage. However, I write separately to respectfully note my disagreement with the position of the majority, which states that a trial court may never require an individual to provide health care coverage for a former spouse.

Authority for such an award may be found in Section 3323(f) of the Divorce Code, 23 Pa.C.S. § 3323(f), which provides:

Equity power and jurisdiction of the court. In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purpose of this part and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved or concerned with the disposition of the cause.

It is my belief that the equity powers provided in Section 3323(f) are broad enough to allow a trial court to order one ex-spouse to provide health insurance coverage for the other when justice so requires. For example, in a situation where an ex-spouse suffers from a serious illness, a trial court may determine that it is appropriate for the other spouse to continue to provide health insurance. Depending on the severity of the illness, it may be that health insurance is of greater importance to the ill spouse than is the receipt of alimony. Accordingly, I would rely upon the sound discretion of our trial courts to direct payment of health insurance based upon individual circumstances.[1]

Justice NIGRO joins this concurring and dissenting opinion.

1. I recognize that Section 3503 of the Divorce Code, 23 Pa.C.S. § 3503, provides for termination of property rights that "are dependent upon

---

the marital relation" when the court grants a divorce decree. However, because a spouse does not have a property right in the other spouse's ability to obtain health insurance coverage, Section 3503 does not apply in this matter.