## Johnson v. Johnson

C.P. of Monroe County, no. 2838 CV 2005.

*Marshall Anders,* for plaintiff.
*Kevin A. Hardy,* for defendant.

ZULICK, *J.,* December 26, 2006—This matter is before the court on the parties' requests for pretrial relief.

Howard Johnson (Husband) seeks reimbursement for his costs incurred during Catherine Johnson's (Wife) recent appeal to Superior Court. Wife requests Husband to continue to maintain her on his health insurance coverage. Both parties have filed briefs addressing those issues following the most recent hearing in this case, on October 23, 2006

The parties were married on June 6, 1989, and separated on March 6, 2005. Husband contended that the parties had entered into a prenuptial agreement before their marriage, which Wife denied. After a hearing, I determined by opinion and order dated May 22, 2006, that the parties did enter into a prenuptial agreement which, inter alia, precluded spousal support. On June 8, Wife appealed. Husband alleged her appeal was premature; the Superior Court agreed and quashed it on August 15, 2006.

Husband then notified Wife of his intention to discontinue her health insurance coverage on his policy. Wife responded with a petition for special relief, seeking to continue her health insurance coverage. At that time, Husband also sought $134.88 in costs plus attorney's fees from Wife.

## DISCUSSION

### 1. *Medical Insurance*

Wife concedes she is not entitled to medical insurance coverage at Husband's expense, and requests instead that I order Husband to continue to provide her medical coverage under his policy. Her proposal is to then reimburse him for premiums related to her coverage. The question raised by Wife's request is whether medical insurance

which she would be able to obtain more inexpensively through Husband's coverage than on the open market constitutes spousal support under Pennsylvania law or whether it is not because there would be no cost to Husband.

In *Asin v. Asin,* 456 Pa. Super. 515, 690 A.2d 1229 (1997), our Superior Court dealt with a similar question—extension of health insurance provided by Mrs. Asin's employer to Mr. Asin at no cost to Mrs. Asin. The Superior Court held that even where provision of medical insurance comes at no cost to the obligor, it still constitutes support. The court noted that medical insurance is addressed under the section of the Domestic Relations Code labeled "Support Matters," and that "care and maintenance" as well as financial assistance qualify as support under the law. *Id.* at 521, 690 A.2d at 1232. It further noted that the medical insurance statute cited by Wife, 23 Pa.C.S. §4324, is labeled "Spousal Medical Support" and directly refers to the provision of medical insurance at no cost to the obligor. *Id.* at 520, 690 A.2d at 1231.

Wife's reliance on *Maher v. Maher,* 575 Pa. 181, 835 A.2d 1281 (2003), is misplaced. *Maher* did not grant courts the authority to order health care coverage regardless of valid and binding prenuptial agreements. Instead, it held that "the application of Rule 1910.16-6(b)(1) to the case sub judice does not impede a trial court's ability to require a spouse to provide the other spouse with health care coverage provided that such award is made in the context of a spousal relationship as opposed to that of divorced parties." 575 Pa. at 187, 835 A.2d at 1285. Since Rule 1910.16-6(b)(1) is not at issue in this case, and since the *Maher* court recognized that medical insurance constitutes spousal support, it provides no founda-

tion for Wife's position. See *id.* ("It is clear that 23 Pa.C.S. §4321 does not impose a support liability between ex-spouses. Therefore, procedural Rule 1910.16-6(b)(1) cannot be read to impose upon an ex-husband the duty to support his ex-wife). *Maher* did not deal with a situation where one spouse was per se disentitled to support, nor did it hold that medical insurance is not support. Consequently, *Asin* continues to control the issue at bar.

### 2. *Costs*

Wife does not contest her obligation to compensate Husband for the costs he incurred in litigating her untimely appeal. Instead, she asserts that those costs amount to only $9.28. Husband alleges they amount to $134.88, and reiterates an already-denied request for $460.68 in attorneys' fees.

It does not appear that Husband introduced a bill of costs into evidence—the bill is not in the case file and the court reporter's draft of the transcript omits any motion to introduce such a bill.

The appropriate procedure to recover such costs is to file a bill of costs with the prothonotary of this court. See 20A West's Pa. Prac., Appellate Practice §2741:1 (2007 ed.), citing Pa.R.A.P. 2762(a) and *Kellerman v. Frankford Hospital,* 133 Pa. Commw. 592, 577 A.2d 232 (1990). After costs are taxed by the prothonotary, this court will have jurisdiction over any appeal from the prothonotary's order. Proper procedure requires a filing with the prothonotary at this time. Husband is directed to file a bill of costs with the prothonotary and to serve Wife with a copy of the bill. Husband's request for attorneys' fees is denied.

## ORDER

And now, December 26, 2006, it is ordered that:

(1) Catherine Johnson's motion for special relief to be provided with health insurance is denied.

(2) Husband is directed to file a bill of costs related to Wife's appeal to Superior Court, as allowed by Pa.R.A.P. 2762(a), with the prothonotary.