J-A30029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| S.C.C., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| D.A.C., | |
| Appellee | No. 754 MDA 2016 |

Appeal from the Order Entered April 27, 2016
In the Court of Common Pleas of Lebanon County
Domestic Relations at No(s): 2014-5-0491

BEFORE:  BOWES, OLSON and STABILE, JJ.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 14, 2017**

Appellant, S.C.C. (hereinafter "Mother"), appeals from the order entered on April 27, 2016, modifying child and spousal support obligations of D.A.C. (hereinafter "Father").  Upon review, we quash as interlocutory the appeal as it relates to spousal support, affirm the trial court's upward adjustment of Father's income, and remand for the recalculation of child support.

The trial court set forth the facts and procedural history of this case as follows:

> Mother and [Father] are the parents of one biological son and two adopted children.  Father pays child support and also owes Mother spousal support.  During the fall of 2015, both parties sought modification.  Father also filed a [c]omplaint for [s]upport against Mother because of a recent change in custody.  At a hearing on February 11, 2016, all of these issues were addressed.  Mother timely filed [e]xceptions.  The Domestic Relations Master

(hereinafter ["the Master"]) determined the following relevant findings. Mother works at Edward Jones, where she earns $14[.00] per hour. Father runs his own business, ProTouch, and keeps records with bank statements. Father's total deposits for 2015 equaled $162,866.32 and did not match his business deposits. Therefore, the [Master] calculated Father's business deposits and determined that $127,276.48 was his gross annual income. She noted that future hearings would require complete and accurate financial records, not just bank statements. The [Master] issued a three-tier[ed] [o]rder. From October 21, 2015 to December 31, 2015, Father owed $2,257.70 per month; from January 1, 2016, to February 3, 2016, Father's obligation rose to $2,742.18; and after February 3, [2016,] the order took into account split custody and Father's obligation fell to $1,962.96.

Mother filed [e]xceptions to the [Master's] [r]eport and [r]ecommendations on March 3, 2016. Oral argument on Mother's [e]xceptions was heard by [the trial court] on April 26, 2016. By [o]rder of [c]ourt dated April 27, 2016, [the trial court] denied Mother's [e]xceptions, and adjusted Father's gross income upwards to $130,027.85.

Mother filed her [n]otice of [a]ppeal and [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal, on May 10, 2016. [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 6, 2016.]

Trial Court Opinion, 6/6/2016, at 1-2 (record citations and footnote omitted).

On appeal, Mother raises the following issues for our review:

1. Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion in failing to calculate [Father's] child support and spousal support obligations using gross income for [Father] for 2015 of $162,866.32, per [Father's] own testimony and two (2) exhibits [Father] himself submitted during the February 11, 2016 hearing before the [] Master, all of which confirmed that [Father's] income for 2015 as $162,886.32.

2. Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion in failing to calculate [Father's] child support and spousal support obligations using annual gross income for [Father] higher than the amount set forth by the [] Master, $127,276.48, despite the fact that even [Father] acknowledged that his gross income for 2015 was higher than $127,276.48.

3. Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion in failing to calculate [Father's] child support and spousal support obligations using annual gross income higher for [Father] than the amount set forth by the [] Master, $127,276.48, despite the fact that the [t]rial [c]ourt made a specific finding in the April 26, 2016 [o]rder that [Father's] income was not correctly calculated by the [] Master, and that [Father's] income for 2015 was in fact higher than the amount calculated by the [] Master.

Mother's Brief at 8.

"Before addressing the above issues, we must first determine the appealability of the [] support order because questions concerning appealability of an order go to the jurisdiction of [this Court] to hear the appeal and may be raised *sua sponte.*" ***Capuano v. Capuano***, 823 A.2d 995, 998 (Pa. Super. 2003). Where the trial court enters an allocated order of child support and spousal support, the child support portion of the order is appealable before the entry of a divorce decree. ***See id***. "[M]atters pertaining to spousal support are interlocutory and unappealable prior to the entry of a divorce decree." ***Hoffman v. Hoffman***, 762 A.2d 766, 769 (Pa. Super. 2000). Here, at oral argument, the parties stipulated that a divorce decree is forthcoming, but has not yet been entered in this case. Thus, we lack jurisdiction to entertain Mother's spousal support claims. Accordingly,

we quash the appeal pertaining to spousal support as interlocutory. As such, we confine our appellate review to Mother's claims related to child support.

Mother's three issues regarding child support are interrelated, so we will examine them together. Father is self-employed. Mother's Brief at 10, 13. At the support hearing, Father produced bank statements as evidence of his income, and twice testified, that his 2015 gross business receipts totaled $162,886.32. *Id.* at 13. Mother avers Father did not offer "evidence to suggest that his income should be lower than the amount he had estimated and set forth on his exhibits and in his own testimony[.]" *Id.* Mother argues the Master noted Father's inadequate record-keeping methods and recalculated Father's 2015 income "as best as could be determined" to an amount of $127,276.48, despite Father's evidence of his own income for 2015. *Id.* at 14. Mother claims that even if the Master believed Father's estimate of his own income for 2015 was too high, Father should be held to his own calculations, which set his income at $162,886.32. *Id.* As such, Mother argues that the trial court erred or abused its discretion in adopting the Master's recommendations. Mother further argues the trial court erred by determining that Father's 2015 income should reflect an increased sum of $130,027.85, rather than the Master's $127,276.48 calculation. *Id.* at 15-17. Lastly, Mother contends that because the trial court agreed to an upward departure from the Master's calculations of Father's 2015 income,

the trial court erred by then failing to recalculate the monthly child support obligation to reflect that increase. *Id.* at 16-17.

Our standard of review in child support matters is well settled:

> Appellate review of support matters is governed by an abuse of discretion standard. When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record. The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.

*J.P.D. v. W.E.D.*, 114 A.3d 887, 889 (Pa. Super. 2015).

Moreover, this Court has previously determined:

> The report of the master is entitled to great consideration in that [s]he has heard and seen the witnesses, and it should not be lightly disregarded.
>
> It is advisory only, however, and the reviewing court is not bound by it and it does not come to the court with any preponderate weight or authority which must be overcome. The reviewing court must consider the evidence, its weight and the credibility of the witnesses, *de novo.* The Master's report is not controlling, either on the lower court or on the appellate court.

*Rothrock v. Rothrock*, 765 A.2d 400, 404 (Pa. Super. 2000) (internal citations and original brackets omitted).

Here, the trial court determined that the Master erred in calculating Father's 2015 income because she relied upon Father's handwritten statement of his business expenses, instead of Father's bank records. Trial

Court Opinion, 6/6/2016, at 5. Upon review of the record, we agree and discern no abuse of discretion. At the support hearing, Father presented a handwritten statement of his business deposits, business expenses, and income taxes. The Master relied upon this document in making her income determination. While Father's documentation did claim his total business deposits totaled $162,886.32 in 2015, this amount did not account for business expenses. Thus, the Master factored Father's business expenses into its calculation and arrived at an annual income of $127,276.48. The trial court later determined that Father's bank statements, which Father also entered into evidence at the support hearing, better reflected his business expenses and recalculated Father's 2015 income as $130,027.85. In viewing all the evidence *de novo*, we discern no abuse of discretion. However, when the trial court agreed to an upward departure from the Master's income finding, it also adopted the Master's monthly child support computation. This was in error. Here, the trial court determined that Father's 2015 income was roughly $2,800.00 more than found by the Master. Thus, the amount of monthly child support payments must be modified to account for this additional income. Accordingly, we affirm the trial court's determination that Father's 2015 income was $130,027.85, but remand the case for recalculation of monthly child support.

Spousal support appeal quashed. Child support order affirmed in part, vacated in part, and remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/14/2017