J-A10039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| B.A.O. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| M.A.O. | : | No. 1065 EDA 2019 | |

Appeal from the Order Dated March 11, 2019
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): April Term, 2014, No. 008441,
PACSES No. 016109756

BEFORE: BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:             Filed: July 23, 2020

B.A.O. (Wife) appeals from the order entered in the Court of Common Pleas of Philadelphia County (trial court) denying her exceptions to the master's proposed order decreasing the support obligation of M.A.O. (Husband) and adopting it as a final order. We affirm in part and quash in part.

**I.**

The parties were married in August 1994 and had three children together. Husband has a Ph.D. in English and worked as a teacher for the School District of Philadelphia for seventeen years. Wife was a homemaker from 1998 until 2015 but has since graduated from law school and is an

---

[*] Retired Senior Judge assigned to the Superior Court.

1

attorney. Husband and Wife separated in April 2014 when their children were ten, twelve and fifteen years old.

Wife filed a complaint in divorce on April 15, 2014, seeking equitable distribution of the parties' marital property and requesting alimony *pendete lite*, alimony, spousal support and child support. In November 2014, the trial court entered an order awarding Wife child and spousal support in the amounts of $1,806.00 and $1,400.00 per month, respectively.

On December 12, 2014, Husband filed a petition seeking a reduction in his support obligation based on changing circumstances in his employment. Between 2014 and 2017, the parties filed several pleadings disputing Husband's support obligation. Husband retired from the school district in May 2015 when he was sixty-four years old and eligible for social security benefits and his public-school pension. He had filed a workers' compensation claim against the school district and received a lump sum payment in the amount of $28,259.94 in August 2015. His retirement was precipitated by his development of medical issues with his knees that affected his ability to walk up and down stairs, combined with his transfer to an elementary school that did not have an elevator and necessitated walking thirty-four flights of stairs daily. After Husband retired, he continued to work for multiple employers, including Archbishop Carroll High School and Temple University, to supplement his retirement income.

On August 29, 2017, the trial court remanded the matter for a full hearing before a new support master to consider the parties' earning capacity and Husband's lump sum workers' compensation payment. The master held hearings in October 2017 and March 2018 and assessed Wife an earning capacity of $30,000.00 per year based on her experience, education and skill. The master did not assess Husband an earning capacity in excess of his actual earnings. Husband's social security payments, pension payments and supplemental income were included as income for calculation of his support obligation. The master entered a proposed order on October 29, 2018, providing for a gradual reduction in Husband's total child and spousal support obligation from January 2015 through January 2018, with monthly support decreasing from $3,504.00 to $1,163.00. Regarding child support, the order set forth Husband's monthly obligation as follows: $1,783.00, effective January 1, 2015; $621.00, effective January 1, 2016; $1,194.00, effective September 1, 2016; $338.00, effective January 1, 2017, with all payments terminating on June 22, 2017.

The trial court held a hearing on Wife's exceptions to the proposed order on March 11, 2019, and denied her exceptions and made the master's order a final order of court. Wife timely appealed, and she and the trial court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).

**II.**

At the outset, we recognize that at the time of the hearing, the parties were still married and a divorce decree had not been entered. Generally, only final orders are appealable. ***See*** Pa.R.A.P. 341(b)(1). Even though they were considered together below and the trial court issued one order resolving the matter, only the child support portion of that order is before us because, until the divorce is granted and all economic issues are resolved, the spousal support portion is not final. ***See Capuano v. Capuano***, 823 A.2d 995, 998 (Pa. Super. 2003). Though the resolution of the issues in this appeal may have an impact on the issues in the spousal support order, the parties may appeal the spousal support portion of the order once a final divorce decree is entered and all of the parties' economic matters are resolved. ***See Hrinkevich v. Hrinkevich***, 676 A.2d 237, 239 (Pa. Super. 1996) (stating portion of trial court order attributable to child support is final and immediately appealable, while portion of order addressing spousal support is interlocutory and subject to quashal).[1]

---

[1] Appellate review of child support matters is governed by an abuse of discretion standard. ***See J.P.D. v. W.E.D.***, 114 A.3d 887, 889 (Pa. Super. 2015), *appeal denied*, 130 A.3d 1290 (Pa. 2015). "When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." ***Id.*** (citation omitted). "Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence." ***Brubaker v. Brubaker***, 201 A.3d 180, 184–85 (Pa. Super. 2018). Although a master's report and

### III.

In a multi-layered argument, Wife challenges the trial court's reduction of Husband's support obligation by including Husband's pension income in determining his support obligation. Citing to **Rohrer v. Rohrer**, 715 A.2d 463 (Pa. Super. 1998), she contends that the trial court had initially excluded the pension from support calculations because it was to be subject to equitable distribution, and that in now allowing it to be used in calculation of his support was an abuse of discretion. Wife also maintains that the trial court's treatment of the pension essentially allows Husband to use a marital asset to pay his individual support obligation.

### A.

We begin with Wife's claim that the trial court's treatment of Husband's pension as income constituted an abuse of discretion under our decision in **Rohrer**. "When determining income available for child support, the trial court must consider all forms of income." **Berry v. Berry**, 898 A.2d 1100, 1104 (Pa. Super. 2006) (citation omitted); **see also** Pa.R.C.P. 1910.16-2(a). The Domestic Relations Code defines "income" as follows.

> "Income." Includes compensation for services, including, but not limited to, wages, salaries, bonuses, fees, compensation in kind, commissions and similar items; **income derived from business**; gains derived from dealings in property; interest; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; **pensions**; income from

recommendation is only advisory, it must be given the fullest consideration, especially on the issue of the parties' credibility. **See id.**

discharge of indebtedness; distributive share of partnership gross income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workers' compensation; unemployment compensation; other entitlements to money or lump sum awards, without regard to source, including lottery winnings; income tax refunds; insurance compensation or settlements; awards or verdicts; and any form of payment due to and collectible by an individual regardless of source.

23 Pa.C.S. § 4302. Income from pensions then is required to be included in calculating a spouse's support obligations.

*Rohrer* did not address pensions but what was income derived from a business under 23 Pa.C.S. § 4302, specifically, whether retained earnings should be considered as income for support or as an asset in equitable distribution. There, the trial court had ordered that the retained income should be used as income for the purpose of child support. The master included the retained earnings from the years prior to the support determination as an asset. This Court affirmed the arrangement, holding that it was not an impermissible "double-dip" or counting the same asset as both property for distribution and income for support. In this case, however, the principles discussed in *Rohrer* do not apply, as there is no allegation that the trial court permitted Husband to "double dip" using his pension.

With regard to Wife's contention that the trial court's treatment of Husband's pension essentially allows him to use a marital asset to pay his individual support obligation, the trial court explained:

The amount of support awarded is generally based on the parties' monthly net income. Pa.R.C.P. 1910-16-2.[2] The definition of income includes compensation from pensions and all forms of retirement. 23 Pa.C.S. 4302. The Master's inclusion of Husband's pension as income for support calculations is correct under the applicable law. . . . The support Master's calculations include all forms of income at the times that they were received, including Husband's pension when Husband retired in July of 2015. Husband's pension was correctly counted as income for support purposes as defined by statute.

(Trial Ct. Op., at 7-8).

We agree with the trial court's analysis and discern no abuse of discretion in its treatment of Husband's pension.

**B.**

Wife also claims that the trial court erred in reducing Husband's support obligation where he voluntarily retired from his position as a public school teacher despite having three minor children. She also argues that the trial court should have assigned Husband an earning capacity because he

_____

[2] Generally, the support amount awarded is based on the parties' monthly net income.

(a) **Monthly Gross Income.** Monthly gross income is ordinarily based on at least a six-month average of a party's income. The support law, 23 Pa.C.S. § 4302, defines the term "income" and includes income from any source. The statute lists many types of income including, but not limited to:

\* \* \*

(4) pensions and all forms of retirement;

Pa.R.C.P. 1910.16-2.

deliberately remained underemployed in order to decrease his support obligation. Wife maintains that Husband should be attributed an income equal to his prior full-time teaching position. (***See*** Wife's Brief, at 4, 18-24).

Our Rules of Civil Procedure provide the following guidelines concerning support:

> **(d) Reduced or Fluctuating Income.**
>
> (1) *Voluntary Reduction of Income.* When either party voluntarily assumes a lower paying job, quits a job, leaves employment, changes occupations or changes employment status to pursue an education, or is fired for cause, there generally will be no effect on the support obligation.
>
> (2) *Involuntary Reduction of, and Fluctuations in, Income.* No adjustments in support payments will be made for normal fluctuations in earnings. However, appropriate adjustments will be made for substantial continuing involuntary decreases in income, including but not limited to the result of illness, lay-off, termination, job elimination or some other employment situation over which the party has no control unless the trier of fact finds that such a reduction in income was willfully undertaken in an attempt to avoid or reduce the support obligation.
>
> \*    \*    \*
>
> (4) *Earning Capacity.* **If the trier of fact determines that a party to a support action has willfully failed to obtain or maintain appropriate employment, the trier of fact may impute to that party an income equal to the party's earning capacity**. Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity. In order for an earning capacity to be assessed, the trier of fact must state the reasons for the assessment in writing or on the record. Generally, the trier of fact should not impute an earning capacity that is greater than the amount the party would earn from one full-time position. Determination of what constitutes a reasonable work regimen depends upon all relevant circumstances including the choice of jobs available within a particular occupation, working

hours, working conditions and whether a party has exerted substantial good faith efforts to find employment.

Pa.R.C.P. 1910.16-2. (emphasis added).

The trial court explained its rationale in declining to impute Husband an income capacity as follows:

> The Master heard testimony, received evidence, and outlined her findings of Husband's income, earning capacity, property owned, debt, and expenses in the Master's Report. Husband's gross income is $1,385.00 [] bi-weekly from his teaching position at Archbishop Carroll High School. Husband also receives $2,016.89 [] from Social Security benefits, and $2,230.46 [] from his pension. Husband also teaches at Community College of Philadelphia and Temple University as an adjunct professor. Based on the allowable evidence at the Master's hearing, the Master found that Husband has continued to work for multiple employers in his field to support his retirement income. The Master found that Husband did not retire to avoid his support obligation, and declined to assess an additional earning capacity over Husband's reported income.
>
> The trial court found no error of fact or law with the Master's findings. Husband was sixty-four [] years of age when he retired. Husband was eligible for Social Security benefits and his public school pension. Additionally, Husband worked multiple jobs within his field to supplement his retirement income. Wife received Social Security Derivative benefits for the children, and Husband's Social Security and pension payments along with supplemental income from additional employment were included as income for calculation of spousal support. Husband has continuously worked multiple jobs to supplement his retirement income. Husband has not willfully failed to obtain or maintain employment and therefore cannot have an income imputed against him in excess of his reported income.

(Trial Ct. Op. at 9-10).

Again, we agree with the trial court. As previously mentioned, a master's findings are to be given great deference, especially regarding

- 9 -

credibility determinations. This is "because the master had the opportunity to observe and assess the behavior and demeanor of the parties." ***Brubaker***, ***supra*** at 184–85 (citation omitted). In this case, the master and the trial court, after weighing the parties' testimony and observing their demeanor, made a specific finding that Husband did not deliberately retire in order to evade his support obligations. Instead, he retired at a typical retirement age and his retirement was precipitated by a medical issue that was not accommodated by the school district. Even after retirement, Husband continued to supplement his retirement income with outside employment. We discern no abuse of discretion in the trial court's declining to impute Husband an earning capacity.[3]

## C.

In her final issue, Wife argues that the trial court erred in failing to enforce prior orders entered in this matter compelling Husband to produce documentation of his income and earning capacity. (***See*** Wife's Brief, at 4, 26). She maintains that because the trial court did not compel production of

---

[3] We note that Wife's claim that the trial court's support order violates the coordinate jurisdiction rule because it does not impute an earning capacity to Husband as prior orders had directed is belied by the record. (***See*** Wife's Brief, at 25) (stating that the orders of July 8, 2015, August 4, 2016, and August 29, 2017, required Husband be assigned an earning capacity). Our review confirms the trial court's assessment that the previous orders did not require the master to attribute an earning capacity to Husband and instead provided for further hearings to determine if his support obligation was appropriate. (***See*** Trial Ct. Op. at 8).

these documents, Husband failed to meet his burden of proof to establish he is entitled to a reduction in his support obligation. (*See id.* at 28).

Our review of the three orders Wife references, entered on July 8, 2015, August 4, 2016, and August 29, 2017, reflect that they generically directed Husband to produce documentation concerning his income and the lump sum workers' compensation payment to determine his support obligation. (*See* Orders 7/08/15, 8/04/17, 8/29/17). The record shows that he complied with this directive by submitting documentation relating to his economic circumstances, including his pension statement, paystubs from various employers, his tax return, social security benefit letter, and a distribution letter showing that he received a net lump sum payment of $28,259.94 on the workers' compensation claim. Wife's assertion that there was a dearth of evidence concerning Husband's income and ability to pay support are without merit.

Order affirmed in part as it pertains to child support only. Appeal quashed in part as it relates to spousal support. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/20

- 11 -