J-S17003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KELSEY ANN FAEHL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL JOSHUA FAEHL | : | No. 2923 EDA 2023 |

Appeal from the Order Entered October 5, 2023
In the Court of Common Pleas of Bucks County Domestic Relations at
No(s): 2023DR00749,
PACSES No. 142302258

BEFORE:  BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:                              **FILED JULY 11, 2024**

Kelsey Ann Faehl ("Mother") appeals *pro se* from the order adjusting the support obligations of Daniel Joshua Faehl ("Father") as it relates to their child, K.F.  We affirm.

This case revolves around the choice of kindergarten for K.F. and whether Father should pay some portion of the attendant expenses for tuition and a uniform as part of his child support obligations.  By way of background, the parties are separated, with Mother having filed a complaint for divorce.[1] Mother lives with her parents.  K.F., who was born in November 2017, resides with Mother, who has sole legal custody.  Father exercises a few hours of physical custody each week but does not host overnight stays at his home.

_____

[1] As of the filing of this appeal, no final divorce decree has been issued.

Following their separation, K.F. reached the age for entering kindergarten. Mother enrolled K.F. in the Trevose Day School ("TDS") for kindergarten at a monthly tuition of $1,200. She chose TDS over the public-school option because TDS had more hands-on, one-on-one instruction and smaller classroom sizes. Specifically, Mother indicated that the class size at TDS would be five, including K.F., and that the public school would have an estimated class size of between thirteen and seventeen children.

On July 14, 2023, Mother filed a complaint for child support, spousal support, and alimony *pendente lite* ("APL"). After a conference, the court entered an interim order requiring Father to pay $830 in child support and $524 in APL each month based upon a determination that the monthly net incomes of Mother and Father were $2,852.94 and $5,520.08, respectively.

On October 5, 2023, the court held a hearing wherein both Mother and Father testified. Mother relayed that she receives social security income of $1,264 per month and has an earning capacity cap of an additional $1,470. Father's sole source of income is from working sixty to eighty hours per week at a coffee shop. He also indicated that while he had previously earned some income from music gigs, selling music equipment, and renting music studio space, he had not realized any significant profits from those ventures, and his music production company had lost money.[2] Mother explained her reasoning

---

[2] We note that because the parties stipulated to "the numbers" so as not "to go into income and jobs" during the hearing, the certified record is devoid of any documentation as to the parties' respective incomes. *See* N.T. Hearing, 10/5/23, at 6.

for registering K.F. at TDS, while Father stated that he did not agree to the enrollment and could not afford the tuition.

Upon consideration, the court determined that tuition and uniform expenses for TDS should not be included in the child support order. Therefore, it entered an order nearly identical with the interim order. Mother filed a motion for reconsideration. The court did not explicitly rule on Mother's motion but amended the October 5 order to impose a computer system fee, reduce by a few dollars Father's child support requirement to $826, and increase his APL obligations to $592, based upon a revised monthly net income of $2,627.28 for Mother. Although represented by counsel at the hearing and in filing her motion, Mother *pro se* filed the instant notice of appeal.[3] Both she and the trial court have complied with the requirements of Pa.R.A.P. 1925. Mother raises the following issues for our consideration:

1. Did the court err by not holding [Father] responsible for his proportional share of the child's private school education, especially since [Mother] has sole legal custody?

2. Did the court err by not increasing [Father]'s support obligation since he has less than 1% of overnights per year (1 overnight per year)?

---

[3] Upon a rule to show cause order issued by this Court, Mother clarified that this appeal only concerns the portion of the order amending child support, as the APL award is not yet appealable. ***See Capuano v. Capuano***, 823 A.2d 995, 998 (Pa.Super. 2003) ("During the pendency of a divorce action, the portion of a trial court order attributable to child support is final and immediately appealable; however, the portion of an order allocated to spousal support is interlocutory." (cleaned up)).

3. Did the court err by not imputing income [to Father] for his music production company that he reportedly pays rent for the recording studio, has thousands of dollars in equipment and allows others to use his studio, allegedly and not credibly for no money?

Mother's brief at 17-18 (cleaned up).

This Court reviews child support orders for an abuse of discretion, and we will "only reverse the trial court's determination where the order cannot be sustained on any valid ground." *Murphy v. McDermott*, 979 A.2d 373, 376 (Pa.Super. 2009) (cleaned up). An abuse of discretion will be found "if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will[.]" *Id*. at 376-77 (cleaned up). Finally, "we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests." *Id*. at 377 (cleaned up).

A court's decision to include private school tuition expenses in child support orders is governed by Pa.R.C.P. 1910.16-6(d):

> **(d) Private School Tuition or Summer Camp. Other Additional Expenses.** Expenses outside the scope of typical child-rearing expenses, such as private school tuition, summer camp fees, and other additional expenses as set forth in subdivision (d)(2), have not been factored into the Basic Child Support Schedule.
>
> (1) *Private School Tuition or Summer Camp.* If the trier-of-fact determines that private school or summer camp is reasonable under the parties' circumstances, the trier-of-fact shall apportion the expense to the parties.

(2) *Other Additional Expenses.*  The trier-of-fact shall apportion an additional expense to the parties, if the trier-of-fact determines that the expense:

> (i) is related to the child's educational, extra-curricular, or developmental activities; and

> (ii) is reasonable under the parties' circumstances.

(3) The trier-of-fact may require that a party's proportionate share of a subdivision (d)(1) or (d)(2) expense is:

> (i) included in or excluded from the basic child support obligation;

> (ii) paid directly to the service provider; or

> (iii) paid directly to the other party.

(4) *Documentation.*

> (i) The party seeking allocation of an expense shall provide the other party with the expense's documentation, such as a receipt or an invoice, promptly upon receipt, but not later than March 31st of the year following the calendar year in which the party incurred the expense, unless the service provider invoices the parties separately.

> (ii) For subsequent enforcement purposes, a party does not need to submit the expense's documentation to the domestic relations section before March 31.

> (iii) The trier-of-fact shall have the discretion to not allocate an expense if documentation is not timely provided to the other party.

Pa.R.C.P. 1910.16-6(d).

The touchstone for awarding private school tuition as part of child support is whether the need for private education is reasonable.  The trial court's examination in that regard is two-fold.  First, it must consider whether

"it is demonstrated that the child will benefit from such and[, second, assess whether] private schooling is consistent with the family's standard of living and station in life **before** the separation." ***Murphy***, 979 A.2d at 377 (cleaned up, emphasis added). If a party seeking support for private school education proves both factors, then "a court may order a parent to provide financial support for the private schooling of a minor child." ***Id***. (cleaned up).

Presently, the trial court determined that it was not reasonable to include private school tuition as part of the child support order. Specifically, it concluded that (1) Mother did not demonstrate that K.F. would necessarily benefit from attending TDS and (2) the tuition was inconsistent with the standard of living for Mother and Father before their separation. ***See*** Trial Court Opinion, 1/2/24, at 5-6.

Mother assails the court's conclusions, arguing that "private schooling, in this case, is not a luxury but a necessary provision for the child's distinct educational needs, which have been well-documented and articulated."[4] Mother's brief at 28 (citation omitted). In exercising sole legal custody, she explained that she "has undertaken a rigorous decision-making process to ensure that [K.F.'s] educational needs are met in the most beneficial manner." ***Id***. at 31. Mother concedes that K.F. does not have special needs but maintains that she demonstrated a difference in the "individualized and

---

[4] The documentation referenced by Mother is her testimony that she believes K.F. is a hands-on learner like Mother and exhibits some signs that she might, also like Mother, have ADHD. ***See*** N.T. Hearing, 10/5/23, at 16-17.

interactive approach of" TDS, which she believes would provide "an educational setting that is more responsive to [K.F.'s] individual needs, thus justifying the inclusion of these expenses in the support order."[5]  *Id*. at 35, 41 (citation omitted).  Finally, she argues that the parties' pre-separation standard of living "is not applicable to the current circumstances."  *Id*. at 45.

Assuming we accepted Mother's preference for TDS as evidence of a benefit to K.F. under the first prong, the certified record wholly supports the trial court's conclusion that private school was not consistent with their standard of living before separating.  It was evident from the parties' testimony that finances had been a struggle for the couple, and that a monthly $1,200 private school tuition expense was not reflective of their standard of living.  As Mother candidly explained, it was a choice between continuing to live with her parents rent-free and spending $1,200 on tuition for TDS, or Mother moving out on her own, with the $1,200 being used for rent and K.F. attending public kindergarten.  *See* N.T. Hearing, 10/5/23, at 8-9.

While Mother wishes to use the parties' current standard of living, such an analysis is in contravention of established case law.  *See Murphy*, 979 A.2d at 377.  Based on the foregoing, we discern no abuse of discretion on

---

[5] Mother asks this Court to accept K.F.'s progress report from TDS, which she attached to her brief, as "new evidence[.]"  Mother's brief at 36.  We must decline Mother's invitation as the trial court did not have the benefit of the report when the order was entered, and therefore it could not have informed its decision.

the trial court's part in concluding that "it was not reasonable to spend $1,200 per month for kindergarten." Trial Court Opinion, 1/2/24, at 6.

Next, Mother contends that the court erred in failing to impose an upward deviation of Father's support obligation in line with his limited custody time. *See* Mother's brief at 52. Relying upon Rule 1910.16-4, she argues that "[t]he current support calculation does not adequately take into account the substantial imbalance in custodial responsibility and the corresponding financial burden placed on [Mother]." *Id*. at 53-54. Thus, she proposes a thirty percent upward deviation. *Id*. at 57.

Rule 1910.16-3 outlines the basic child support schedule. Importantly, the 2021 amendment "reflects the actual expenses of an intact family living in a single household at the various combined monthly net incomes and the number of children with no shared custody adjustment." Pa.R.C.P. 1910.16-3, *Explanatory Comment – 2021*. "To the extent the parties share physical custody with the obligor having [forty percent] or more of the annual overnights as set forth in Pa.R.C.P. 1910.16-4(c),[6] the formula in Pa.R.C.P. 1910.16-4(a)(1)(Part D) or (a)(2)(Part II) should be used to calculate the appropriate shared custody adjustment." *Id*. (citations altered). In

---

[6] This subsection provides in pertinent part that "[w]hen a child spends [forty percent] or more of the annual overnights with the obligor, a rebuttable presumption arises that the obligor is entitled to a reduction in the basic child support obligation to reflect the obligor's increased direct spending on the child during the obligor's custodial time." Pa.R.C.P. 1910.16-4(c)(1).

considering whether to otherwise deviate from the basic child support calculation, a trial court "shall consider" the following factors:

(1) unusual needs and unusual fixed obligations;

(2) a party's other support obligations;

(3) other household income;

(4) the child's age;

(5) the parties' relative assets and liabilities;

(6) medical expenses not covered by insurance;

(7) the parties' and the child's standard of living;

(8) in a spousal support or alimony *pendente lite* case, the duration of the marriage from the date of marriage to the date of final separation; and

(9) other relevant and appropriate factors, including the child's best interest.

Pa.R.C.P. 1910.16-5(b).

Presently, Father, who is the obligor, does not exercise forty percent or more of the annual overnights. Accordingly, the formulas referenced in Rule 1910.16-4(c) do not apply and he was not granted a reduction in his support obligation. Rather, when Mother sought an upward deviation, the court was required to consider the factors set forth in Rule 1910.16-5(b), which it did. After examining these factors, the court denied Mother's request, explaining as follows:

Mother did not identify any unusual needs or unusual fixed obligations, any issues regarding the parties' other assets or liabilities, any information concerning the parties' respective

- 9 -

> standards of living, or any other factors that would impact [K.F.'s] best interests. The court concluded that the guidelines calculations, as conducted by the Domestic Relations Section, resulted in a just and appropriate support obligation.

Trial Court Opinion, 1/2/24, at 7 (cleaned up). Upon review, we conclude that the trial court's decision was not the product of bias, ill-will, partiality, or prejudice. Rather, the record supported the court's determination that a deviation was not warranted under the circumstances presented at the hearing. Accordingly, Mother is not entitled to relief on this issue.

Finally, Mother argues that the trial court erred in neglecting to impute income to Father for his musical pursuits. *See* Mother's brief at 63-64. The court found this issue waived because Mother did not raise Father's earning capacity or income at the hearing. *See* Trial Court Opinion, 1/2/24, at 7. Alternatively, the court deemed Father's testimony regarding his income to be credible and concluded that Mother's claim was without merit. *Id*. Mother, meanwhile, insists that the issue is not waived, and requests that we "take a closer look at the financial evidence presented and consider the possibility of additional income or assets that could influence the child support determination in a manner that serves [K.F.'s] best interests." Mother's brief at 68.

Assuming for the sake of argument that Mother did not waive this claim, we observe that it is not appropriate for this Court to reassess Father's credibility. Rather, it is the role of the trial court to weigh the evidence presented at a child support hearing and determine the credibility of witnesses. *See Doherty v. Doherty*, 859 A.2d 811, 812 (Pa.Super. 2004).

- 10 -

As such, the trial court's "credibility determination" as to Father's reported income "cannot be revisited on appeal." *Id*. at 813. Since the trial court determined Father's testimony to be credible as to the lack of income generated by his musical ventures, we do not disturb the trial court's finding in this regard. Thus, Mother is not entitled to relief.

Based on the foregoing, we affirm the child support order entered by the trial court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/11/2024