J-A13017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TIFFANY T. MOYER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY C. MOYER | : | No. 1861 EDA 2020 |

Appeal from the Order Entered September 16, 2020
In the Court of Common Pleas of Northampton County Domestic
Relations at No(s):  No. 964117740

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JUNE 8, 2021**

Appellant Tiffany T. Moyer appeals from the Order denying her Complaint for Support after the trial court concluded that she failed to present credible evidence that she was disabled or unable to work.[1] Due to numerous defects in Appellant's Brief, we dismiss this Appeal.

The underlying factual and procedural history is not relevant to our disposition.  Because Appellant's Brief fails to comply with the Pennsylvania

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The parties' divorce action was filed in Lehigh County and did not include a support component.  The only claim filed in Northampton County was for spousal support. The Order from Northampton County court of common pleas denying spousal support is, thus, a final order.  *See Asin v. Asin*, 690 A.2d 1229 (Pa. Super. 1997) (spousal support order entered in a different county from the divorce proceedings was not companion to the divorce proceedings and therefore, the spousal support order was immediately appealable.).

Rules of Appellate Procedure, our review is fatally hampered and we are constrained to find each of her issues waived.

It is well settled that appellate briefs "must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure" or risk this Court's quashal or dismissal of the appeal. *Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101. *See also* Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements for each subsection of the brief). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted).

"[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record[,] and with citations to legal authorities." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted). As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." *Id*. If defects in the brief are substantial, the appeal may be quashed or dismissed. Pa.R.A.P. 2101.

Here, Appellant's brief has glaring errors and omissions in violation of our Rules of Appellate Procedure that deprive us of the ability to provide meaningful review of her issues. First, Appellant did not annex her Pa.R.A.P.

1925(b) Statement or the trial court's Rule 1925(a) Opinion to her Brief in violation of Rule 2111. *See* Pa.R.A.P. 2111(a)(11) and (b). Next, Appellant's Statement of the Case violates Rule 2117 with its incomplete and self-serving recitation of the procedural history, inclusion of argument, and failure to provide appropriate references to the record. *See* Pa.R.A.P. 2117(a)(4) (requiring "[a] closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found."); Pa.R.A.P. 2117(b) (explaining that the Statement of the Case shall not include any argument).

In addition, Appellant's Brief includes one section titled "Summary of Argument/Argument" in violation of Rules 2117 and 2118, which require a brief to contain two distinct sections: one section containing a "Summary of Argument" and a separate section containing the "Argument." *See* Pa.R.A.P 2118, 2119. In her "Summary of Argument/Argument" section, Appellant does not provide separate headings for the five issues she raises and does not present argument specific to each issue as required by Rule 2119. Rather, she includes a series of conclusory sentences with no citation to the record, no citation to relevant case law, and no legal analysis in violation of Rule 2119. *See* Pa.R.A.P. 2119(a) (stating the argument section "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the

particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.); Pa.R.A.P. 2119(c) (requiring citation to the record).

Appellant's failure to adhere to the Rules of Appellate Procedure and to develop her claims with citation to the record and to legal authorities prevents this Court from conducting meaningful appellate review. Therefore, we conclude Appellant has waived her issues. Accordingly, we dismiss this appeal.

Appeal dismissed. Case stricken from the argument list.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/08/2021